**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **H-W Technology L.C.,** | **CIVIL ACTION NO.  3:11-cv-00651-N** |
| Plaintiff, | **Judge David C. Godbey Presiding** |
| **v.** | |
| **(1)     Apple Inc.;** | |
| **(2)     Research In Motion Limited;** | |
| **(3)     Research In Motion Corporation;** | |
| **(4)     Amazon.com, Inc.;** | |
| **(5)     Amazon Payments, Inc.;** | **JURY TRIAL DEMANDED** |
| **(6)     HTC Corporation;** | |
| **(7)     HTC America, Inc.;** | |
| **(8)     LG Electronics, Inc.** | |
| **(9)     LG Electronics U.S.A., Inc.;** | |
| **(10)   eBay, Inc.;** | |
| **(11)   Hotels.com, L.P.;** | |
| **(12)   Google, Inc.;** | |
| **(13)   Expedia, Inc.;** | |
| **(14)   Priceline.com LLC;** | |
| **(15)   Orbitz Worldwide, Inc.;** | |
| **(16)   Buy.com Inc.;** | |
| **(17)   Motorola Solutions, Inc.;** | |
| **(18)   Motorola Mobility, Inc.;** | |
| **(19)   Samsung Electronics Co., Ltd.;** | |
| **(20)   Samsung Electronics America, Inc.;** | |
| **(21)   Samsung Telecommunications** | |
| **America, LLC;** | |
| **(22)   Kayak Software Corporation d/b/a** | |
| **Kayak.com;** | |
| **(23)   Microsoft Corporation;** | |
| **(24)   Nokia Corporation;** | |
| **(25)   Nokia, Inc.;** | |
| **(26)   Sony Ericsson Mobile** | |
| **Communications AB;** | |
| **(27)   Sony Ericsson Mobile** | |
| **Communications (USA), Inc.;** | |
| **(28)   Kyocera Corporation;** | |
| **(29)   Kyocera International, Inc.;** | |
| **(30)   Kyocera Communications, Inc.;** | |
| **(31)   Kyocera America, Inc.; and** | |
| **(32)   Verizon Communications, Inc.** | |
| Defendants. | |

**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**

1

Plaintiff H-W Technologies, LLC (together "H-W" or "Plaintiff"), as and for its First Amended Complaint against Apple Inc.; Research In Motion Corporation; Research In Motion Limited; Amazon.com, Inc.; Amazon Payments, Inc.; HTC Corporation; HTC America, Inc.; LG Electronics, Inc.; LG Electronics U.S.A., Inc.; eBay Inc.; Hotels.com, L.P.; Google, Inc.; Expedia, Inc.; Priceline.com LLC; Orbitz Worldwide, Inc.; Buy.com Inc.; Motorola Solutions, Inc.; Motorola Mobility, Inc.; Samsung Electronics Co., Ltd.; Samsung Electronics America, Inc.; Samsung Telecommunications America, LLC; Kayak.com; Microsoft Corporation; Nokia Corporation; Nokia, Inc., Sony Ericsson Mobile Communications AB; Sony Ericsson Mobile Communications, Inc.; Kyocera Corporation, Kyocera International, Kyocera Communications, Inc.; Kyocera America, Inc.; and Verizon Communications, Inc. (collectively "Defendants"), demand a trial by jury and allege as follows:

## PARTIES

1.      Plaintiff H-W Technology, L.C. is a Texas corporation having a principal place of business at 4601 13TH Street, Lubbock, TX 79416.

2.      On information and belief, Defendant Apple Inc. is incorporated under the laws of California with its principal place of business at 1 Infinite Loop, Cupertino, CA 95014.  This defendant is registered to do business in Texas and has appointed CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201 as its agent for service of process.  Apple Inc. regularly conducts and transacts business in Texas, throughout the United States, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

3.      On information and belief, Defendant Research In Motion Limited is a Canadian Corporation with its principal place of business at 259 Phillip Street, Waterloo, Ontario, N2L 3W8 Canada.  On information and belief, Research In Motion Limited is a nonresident of Texas

who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state.  On information and belief, Research In Motion Limited resides in this jurisdiction within the meaning of 28 U.S.C. § 1400(b).  This proceeding arises, in part, out of business done in this state.  Research In Motion Limited may be served with process in Canada pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, Article 1, November 15, 1965 T.I.A.S. No. 6638, 20 U.S.T. 361 (U.S. Treaty 1969).  Research In Motion Limited regularly conducts and transacts business in Texas, throughout the United States, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

4.    On information and belief, Defendant Research In Motion Corporation is incorporated under the laws of Delaware with its principal place of business at 122 West John Carpenter Parkway, Suite 430, Irving, TX 75039.  This defendant has appointed CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201 as its agent for service of process. Research In Motion Corporation regularly conducts and transacts business in Texas, throughout the United States, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.  On information and belief, Research In Motion Corporation is a wholly-owned subsidiary of Research In Motion Limited and serves as a representative of RIM Ltd. for purposes of conducting business in the United States.

5.    On information and belief, Defendant Amazon.com, Inc. is a corporation organized and existing under the laws of the State of Delaware with their principal place of business at 1200 12th Avenue, South, Suite 1200, Seattle, WA 98144.  This defendant has appointed Corporation Service Company, 1013 Centre Road, Wilmington, DE, 19805 as its agent for service of process.  Amazon.com, Inc. regularly conducts and transacts business in

Texas, throughout the United States, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

6.      On information and belief, Defendant Amazon Payments, Inc. is incorporated under the laws of Delaware with its principal place of business at 15600 NE 8th Street, Suite B1 #975, Bellevue, WA 98008.   This defendant is registered to do business in Texas and has appointed Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701 as its agent for service of process.   Amazon Payments, Inc. regularly conducts and transacts business in Texas, throughout the United States, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

7.      On information and belief, Defendant HTC Corporation is a Republic of Taiwan corporation with its principal place of business at 23 HSin Hua Rd., Taoyuan, 330, Taiwan.   On information and belief, HTC Corporation is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state.   On information and belief, HTC Corporation resides in this jurisdiction within the meaning of 28 U.S.C. § 1400(b).   This proceeding arises, in part, out of business done in this state.   HTC Corporation may be served with process in Korea pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, Article 1, November 15, 1965 T.I.A.S. No. 6638, 20 U.S.T. 361 (U.S. Treaty 1969).   HTC Corporation regularly conducts and transacts business in Texas, throughout the United States, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

8.      On information and belief, Defendant HTC America, Inc. is incorporated under the laws of Washington with its principal place of business at 13920 SE Eastgate Way, Suite 400

Bellevue, Washington 98005.   This defendant is registered to do business in Texas and has appointed National Registered Agents, Inc., 16055 Space Center Blvd., Suite 235, Houston, TX 77062 as its agent for service of process.   Defendant HTC America, Inc. regularly conducts and transacts business in Texas, throughout the United States, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

9.      On information and belief, Defendant LG Electronics, Inc. is a Republic of Korea limited company with its principal place of business in LG Twin Towers, 20 Yeouido-dong, Yeoungdeungpo-gu, Seoul, South Korea.   On information and belief, LG Electronics, Inc. is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state.   On information and belief, LG Electronics, Inc. resides in this jurisdiction within the meaning of 28 U.S.C. § 1400(b).   This proceeding arises, in part, out of business done in this state.   LG Electronics, Inc. may be served with process in Korea pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, Article 1, November 15, 1965 T.I.A.S. No. 6638, 20 U.S.T. 361 (U.S. Treaty 1969).   LG Electronics, Inc. regularly conducts and transacts business in Texas, throughout the United States, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

10.     On information and belief, Defendant LG Electronics U.S.A., Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1000 Sylvan Avenue, Englewood Cliffs, NJ 07632.   This defendant is registered to do business in Texas and has appointed United States Corporation Company, 211 East 7th Street, Suite 620, Austin, TX 78701 as its agent for service of process.   LG Electronics U.S.A., Inc.

regularly conducts and transacts business in Texas, throughout the United States, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

11.     On information and belief, Defendant eBay Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 2145 Hamilton Ave San Jose, CA 95125.  This defendant is registered to do business in Texas and has appointed National Registered Agents, Inc., 16055 Space Center Blvd., Suite 235, Houston TX 77062 as its agent for service of process.  eBay Inc. regularly conducts and transacts business in Texas, throughout the United States, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

12.     On information and belief, Defendant Hotels.com, L.P. is incorporated under the laws of Texas with its principal place of business at 10440 N. Central Expressway, Ste. 400 Dallas, TX 75231.  This defendant is registered to do business in Texas and has appointed National Registered Agents, Inc., 16055 Space Center Blvd., Suite 235, Houston TX 77062 as its agent for service of process.  Hotels.com, L.P. regularly conducts and transacts business in Texas, throughout the United States, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

13.     On information and belief, Defendant Google, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1600 Amphitheatre Parkway, Mountain View, CA 94043.  This defendant is registered to do business in Texas and has appointed Corporation Service Company d/b/a CSC Lawyers Incorporating Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701 as its agent for service of process.  Google, Inc. regularly conducts and transacts business in Texas, throughout the United

States, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

14.     On information and belief, Defendant Expedia, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 3150 139th Avenue SE, Bellevue, WA 98005.  This defendant is registered to do business in Texas and has appointed National Registered Agents, Inc., 16055 Space Center Blvd., Suite 235, Houston TX 77062 as its agent for service of process.  Expedia, Inc. regularly conducts and transacts business in Texas, throughout the United States, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

15.     On information and belief, Defendant Priceline.com LLC is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 800 Connecticut Ave., Norwalk, CT 06854.  This defendant has appointed Lexis Document Services, Inc., 2711 Centerville Road, Suite 400, Wilmington DE 19808 as its agent for service of process.  Priceline.com LLC regularly conducts and transacts business in Texas, throughout the United States, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

16.     On information and belief, Defendant Orbitz Worldwide, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 500 W. Madison St., Suite 1000, Chicago, IL 60661.  This defendant has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process.  Orbitz Worldwide, Inc. regularly conducts and transacts business in Texas, throughout the United States, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

17.     On information and belief, Defendant Buy.com Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 85 Enterprise Suite 100, Aliso Viejo, CA 92656.  This defendant has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process.  Buy.com Inc. regularly conducts and transacts business in Texas, throughout the United States, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

18.     On information and belief, Defendant Motorola Solutions, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1303 E Algonquin Road, Schaumburg, IL 60196.  This defendant has appointed CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201 as its agent for service of process.  Motorola Solutions, Inc. regularly conducts and transacts business in Texas, throughout the United States, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

19.     On information and belief, Defendant Motorola Mobility, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1303 E Algonquin Road, Schaumburg, IL 60196.  This defendant has appointed CT Corporation System, 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201 as its agent for service of process.  Motorola Mobility, Inc. regularly conducts and transacts business in Texas, throughout the United States, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

20.     On information and belief, Defendant Samsung Electronics Co., Ltd. ("Samsung Ltd.") is a Republic of Korea limited company with its principal place of business in 250, 2-ga, aepyong-ro, Jung-gu, Seoul 100-742, Korea.  On information and belief, Samsung Electronics

Co., Ltd. is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state. On information and belief, Samsung Electronics Co., Ltd. resides in this jurisdiction within the meaning of 28 U.S.C. § 1400(b).  This proceeding arises, in part, out of business done in this state.  Samsung Electronics Co., Ltd. may be served with process in Korea pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, Article 1, November 15, 1965 T.I.A.S. No. 6638, 20 U.S.T. 361 (U.S. Treaty 1969).  Samsung Electronics Co., Ltd. regularly conducts and transacts business in Texas, throughout the United States, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

21.    On information and belief, Defendant Samsung Electronics America, Inc., a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 105 Challenger Road Ridgefield Park, NJ 07660.  This defendant has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 as its agent for service of process.  Samsung Electronics America, Inc. regularly conducts and transacts business in Texas, throughout the United States, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

22.    Samsung Telecommunications America, L.L.C. is a Texas limited liability company with its principal place of business in Richardson, Texas.  This defendant has appointed Prentice Hall Corporation System, 211 E. 7th Street, Suite 620, Austin, Texas 78701 as its agent for service of process.  Samsung LLC regularly conducts and transacts business in Texas, throughout the United States, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

23.     On information and belief, Defendant Kayak.com, a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 55 North Water Street, Suite 1, Norwalk, CT 06854.  This defendant has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 as its agent for service of process.  Kayak.com regularly conducts and transacts business in Texas, throughout the United States, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

24.     On information and belief, Defendant Microsoft Corporation is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 1 Microsoft Way, Redmond, WA 98052.  This defendant is registered to do business in Texas and has appointed Corporation Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701 as its agent for service of process.  Microsoft Corporation regularly conducts and transacts business in Texas, throughout the United States, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

25.     On information and belief, Nokia Corporation is a Finnish corporation having its principal place of business at Keilalahdentie 2-4, FI-02150 Espoo, Finland.  On information and belief, Nokia Corporation is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state.  On information and belief, Nokia Corporation resides in this jurisdiction within the meaning of 28 U.S.C. § 1400(b).  This proceeding arises, in part, out of business done in this state.  Nokia Corporation may be served with process in Finland pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, Article 1, November 15, 1965 T.I.A.S. No. 6638, 20 U.S.T. 361 (U.S. Treaty 1969).  Nokia Corporation regularly

conducts and transacts business in Texas, throughout the United States, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

26.    On information and belief, Nokia, Inc. is a Delaware corporation having its principal place of business at 6000 Connection Drive, Irving, Texas 75039.  This defendant is registered to do business in Texas and has appointed National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, TX 77062 as its agent for service of process.  Nokia, Inc. regularly conducts and transacts business in Texas, throughout the United States, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

27.    On information and belief, Sony Ericsson Mobile Communications AB is a Swedish corporation having its principal place of business at Nya Vattentornet, SE-221 88 Lund, Sweden.  On information and belief, Sony Ericsson Mobile Communications AB is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state.  On information and belief, Sony Ericsson Mobile Communications AB resides in this jurisdiction within the meaning of 28 U.S.C. § 1400(b).  This proceeding arises, in part, out of business done in this state.  Sony Ericsson Mobile Communications AB may be served with process in Sweden pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, Article 1, November 15, 1965 T.I.A.S. No. 6638, 20 U.S.T. 361 (U.S. Treaty 1969).  Sony Ericsson Mobile Communications AB regularly conducts and transacts business in Texas, throughout the United States, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

28.    On information and belief, Sony Ericsson Mobile Communications (USA), Inc. is

a Delaware corporation having its principal place of business at 7001 Development Drive, Research Triangle Park, North Carolina 27709.   On information and belief, Sony Ericsson Mobile Communications (USA), Inc. is registered to do business in Texas and has appointed Capitol Corporate Services, Inc., 800 Brazos, Suite 400, Austin, TX 78701 as its agent for service of process.   Sony Ericsson Mobile Communications (USA), Inc. regularly conducts and transacts business in Texas, throughout the United States, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

29.   On information and belief, Defendant Kyocera Corporation is a Japanese corporation with its principal place of business at 6 Takeda Tobadono-cho, Fushimi-ku, Kyoto, 612-8501, Japan.   On information and belief, Kyocera Corporation is a nonresident of Texas who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process in this state.   On information and belief, Kyocera Corporation resides in this jurisdiction within the meaning of 28 U.S.C. § 1400(b).   This proceeding arises, in part, out of business done in this state.   Kyocera Corporation may be served with process in Korea pursuant to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, Article 1, November 15, 1965 T.I.A.S. No. 6638, 20 U.S.T. 361 (U.S. Treaty 1969).   Kyocera Corporation regularly conducts and transacts business in Texas, throughout the United States, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

30.   On information and belief, Kyocera International, Inc. is a California corporation having its principal place of business at 8611 Balboa Avenue, San Diego, California 92123.   This defendant has appointed Corporation Service Company, 2730 Gateway Oaks Drive, Suite 100, Sacramento, CA 95833 as its agent for service of process.   Kyocera International, Inc. regularly

conducts and transacts business in Texas, throughout the United States, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

31.    On information and belief, Kyocera Communications, Inc. is a Delaware corporation having its principal place of business at 10300 Campus Point Drive, San Diego, California 92121.  On information and belief, Kyocera Communications, Inc. is registered to do business in the State of Texas and has appointed Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701 as its agent for service of process.  Kyocera Communications, Inc. regularly conducts and transacts business in Texas, throughout the United States, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

32.    On information and belief, Kyocera America, Inc. is a California corporation having its principal place of business at 8611 Balboa Avenue, San Diego, California 92123.  On information and belief, Kyocera International, Inc. is registered to do business in the State of Texas and has appointed Prentice Hall Corp System, 211 E. 7th Street, Suite 620, Austin, TX 78701 as its agents for service of process.  Kyocera America, Inc. regularly conducts and transacts business in Texas, throughout the United States, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

33.    On information and belief, Defendant Verizon Communications, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at the Verizon Building, 140 West Street, New York, NY 10007.  Verizon Communications, Inc. has appointed The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801 as its agent for service of process.  Verizon

Communications, Inc. regularly conducts and transacts business in Texas, throughout the United States, and within the Northern District of Texas, itself and/or through one or more subsidiaries, affiliates, business divisions, or business units.

## JURISDICTION AND VENUE

34.     This action arises under the Patent Laws of the United States, namely, 35 U.S.C. §§ 1 et seq. This Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

35.     Venue is proper in this district under 28 U.S.C. §§ 1391(b)(2) and (c) and/or 1400(b).  On information and belief, each Defendant has transacted business in this district, and has committed acts of patent infringement in this district, including via their websites.

36.     On information and belief, Defendants are subject to this Court's general and specific personal jurisdiction because: each Defendant has minimum contacts within the State of Texas and the Northern District of Texas, including via their websites, pursuant to due process and/or the Texas Long Arm Statute, each Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Northern District of Texas; each Defendant regularly conducts and solicits business within the State of Texas and within the Northern District of Texas; and H-W's causes of action arise directly from Defendants' business contacts and other activities in the State of Texas and in the Northern District of Texas.

37.     More specifically, each Defendant, directly and/or through intermediaries, ships, distributes, offers for sale, sells, and/or advertises (including the provision of interactive web pages) its products and services in the United States, the State of Texas, and the Northern District of Texas.  On information and belief, each Defendant has committed patent infringement in the State of Texas and in the Northern District of Texas.  Each Defendant solicits customers in the State of Texas and in the Northern District of Texas.  Each Defendant has customers who are

residents of the State of Texas and the Northern District of Texas and who each use respective

Defendants' products and services in the State of Texas and in the Northern District of Texas.

**COUNT I**
**INFRINGEMENT OF U.S. PATENT NO. 7,525,955**

38.     H-W is the owner of all rights, title and interest to United States Patent No.

7,525,955 ("the '955 Patent") entitled "Internet Protocol (IP) Phone with Search and Advertising

Capability."  The '955 Patent was issued on April 28, 2009 after a full and fair examination by

the United States Patent and Trademark Office.  The application leading to the '955 Patent was

filed on March 17, 2005 and benefits from a priority date of March 19, 2004.

39.     The '955 Patent is generally directed to novel, unique and non-obvious systems

and methods of using a multi-convergence device, including phones commonly referred to as

"smartphones", which are able to converge voice and data within a single terminal, and which

allow users of such devices via domain specific applications to receive information and offers

from merchants and to complete a transaction with one of said merchants without having to

generate a voice call.

40.     On information and belief, Defendant Apple Inc. has been and now is infringing

the '955 Patent in the State of Texas, in this judicial district, and elsewhere in the United States

by making, using, offering to sell, selling or importing products and methods that utilize, in

whole or in part, a multi-convergence device on which one or more domain specific applications

allow users to complete a merchant transaction without the need to generate a voice call.  On

information and belief and without limitation, examples of Apple Inc. products that infringe the

'955 Patent include, but are not limited to, the Apple iPhone, the "App Store" application which

is domain specific to Defendant Apple, as well as the server or servers which host the "App

Store" application.  Defendant Apple Inc. is thus liable for infringement of the '955 Patent

pursuant to 35 U.S.C. § 271.

41.     On information and belief, Defendants Research In Motion Limited and Research In Motion Corporation have been and are now infringing the '955 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, offering to sell, selling or importing products and methods that utilize, in whole or in part, a multi-convergence device on which one or more domain specific applications allow users to complete a merchant transaction without the need to generate a voice call.   On information and belief and without limitation, examples of Research In Motion Limited and Research In Motion Corporation products that infringe the '955 Patent include, but are not limited to the Blackberry Torch product and their RIM Blackberry "App World" domain specific application including the server or servers which host the RIM Blackberry "App World" application.   Defendants Research In Motion Limited and Research In Motion Corporation are thus liable for infringement of the '955 Patent pursuant to 35 U.S.C. § 271.

42.     On information and belief, Defendants Amazon.com, Inc. and Amazon Payments, Inc. have been and now are infringing the '955 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell products that have systems and/or methods for allowing a multi-convergence device utilizing a domain specific application to complete a merchant transaction without the need to generate a voice call.   On information and belief, examples of Amazon.com, Inc. and Amazon Payments, Inc. products that infringe the '955 Patent include, but are not limited to their Amazon.com smartphone domain specific application which allow smartphone users to connect to an Amazon.com server, as well as the server or servers that host the Amazon.com smartphone domain specific application to allows users to complete a merchant transaction without the need to generate a voice call.   Defendants Amazon.com, Inc. and Amazon Payments, Inc. are thus liable for infringement of the '955 Patent pursuant to 35 U.S.C. § 271.

43.     On information and belief, Defendants HTC Corporation and HTC America, Inc. have been and now are infringing the '955 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell a multi-convergence device having domain specific applications that allow users to complete a merchant transaction without the need to generate a voice call.  On information and belief, and example of an HTC Corporation and HTC America, Inc. product that infringes the '955 Patent includes, but not limited to the HTC Thunderbolt product.  Defendants HTC America, Inc. and HTC Corporation are thus liable for infringement of the '955 Patent pursuant to 35 U.S.C. § 271.

44.     On information and belief, Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc. have been and now is infringing the '955 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell a multi-convergence device having domain specific applications that allow users to complete a merchant transaction without the need to generate a voice call.  On information and belief, an example of an LG Electronics, Inc. and LG Electronics U.S.A., Inc. product that infringes the '955 Patent includes, but is not limited to the LG G2x product.  Defendants LG Electronics, Inc. and LG Electronics U.S.A., Inc. are thus liable for infringement of the '955 Patent pursuant to 35 U.S.C. § 271.

45.     On information and belief, Defendant eBay Inc. has been and now is infringing the '955 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell products that have systems and/or methods for allowing a multi-convergence device utilizing a domain specific application to complete a merchant transaction without the need to generate a voice call.  On information and belief, examples of eBay Inc. products that infringe the '955 Patent include, but are not limited to, the eBay smartphone domain specific application that allow smartphone users to connect to

an eBay server, as well as the server or servers which host the eBay smartphone domain specific application that allow users to complete a merchant transaction without the need to generate a voice call.  Defendant eBay Inc. is thus liable for infringement of the '955 Patent pursuant to 35 U.S.C. § 271.

46.     On information and belief, Defendant Hotels.com, L.P. has been and now is infringing the '955 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell products that have systems and/or methods for allowing a multi-convergence device utilizing a domain specific application to complete a merchant transaction without the need to generate a voice call.  On information and belief and without limitation, examples of Hotels.com, L.P. products that infringe the '955 Patent include, but are not limited to the Hotels.com smartphone domain specific application product which allows smartphone users to connect to a Hotels.com server, as well as the server or servers that host the Hotels.com smartphone specific application, to allow users to complete a merchant transaction without the need to generate a voice call.  Defendant Hotels.com, L.P. is thus liable for infringement of the '955 Patent pursuant to 35 U.S.C. § 271.

47.     On information and belief, Defendant Google, Inc. has been and now is infringing the '955 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell products that have systems and/or methods for allowing a multi-convergence device utilizing a domain specific application to complete a merchant transaction without the need to generate a voice call.  On information and belief and without limitation, examples of Google, Inc. products that infringe the '955 Patent include, but are not limited to their Android domain specific application store sometimes referred to as "Market" which provides an on-line marketplace for allowing smartphone users to

complete a merchant transaction without the need to generate a voice call.  Defendant Google, Inc. is thus liable for infringement of the '955 Patent pursuant to 35 U.S.C. § 271.

48.   On information and belief, Defendant Expedia, Inc. has been and now is infringing the '955 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell products that have systems and/or methods for allowing a multi-convergence device utilizing a domain specific application to complete a merchant transaction without the need to generate a voice call.  On information and belief and without limitation, examples of Expedia.com products that infringe the '955 Patent include, but are not limited to the Expedia.com smartphone domain specific application product including the server or servers which host the Expedia.com smartphone domain specific application and which allows smartphone users to connect to an Expedia.com server, to complete a merchant transaction without the need to generate a voice call.  Defendant Expedia.com, L.P. is thus liable for infringement of the '955 Patent pursuant to 35 U.S.C. § 271.

49.   On information and belief, Defendant Priceline.com LLC has been and now is infringing the '955 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell products that have systems and/or methods for allowing a multi-convergence device utilizing a domain specific application to complete a merchant transaction without the need to generate a voice call.  On information and belief and without limitation, examples of Priceline.com products that infringe the '955 Patent include, but are not limited to the Priceline.com smartphone domain specific application product including the server or servers which host the Priceline.com smartphone domain specific application and which allows smartphone users to connect to a Priceline.com server, to complete a merchant transaction without the need to generate a voice call.  Defendant Priceline.com LLC is thus liable for infringement of the '955 Patent pursuant to 35 U.S.C. § 271.

50.     On information and belief, Defendant Orbitz Worldwide, Inc. has been and now is infringing the '955 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell products that have systems and/or methods for allowing a multi-convergence device utilizing a domain specific application to complete a merchant transaction without the need to generate a voice call.  On information and belief and without limitation, examples of Orbitz.com products that infringe the '955 Patent include, but are not limited to the Orbitz.com smartphone domain specific application product including the server or servers which host the Orbitz.com smartphone domain specific application and which allows smartphone users to connect to an Orbitz.com server, to complete a merchant transaction without the need to generate a voice call.  Defendant Orbitz Worldwide, Inc. is thus liable for infringement of the '955 Patent pursuant to 35 U.S.C. § 271.

51.     On information and belief, Defendant Buy.com, Inc. has been and is now infringing the '955 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell products that have systems and/or methods for allowing a multi-convergence device utilizing a domain specific application to complete a merchant transaction without the need to generate a voice call.  On information and belief, examples of Buy.com, Inc. products that infringe the '955 Patent includes, but are not limited to its Buy.com smartphone domain specific application including the server or servers which host the Buy.com smartphone domain specific application and which allows smartphone users to connect to a Buy.com server and complete a merchant transaction without the need to generate a voice call.  Defendant Buy.com is thus liable for infringement of the '955 Patent pursuant to 35 U.S.C. § 271.

52.     On information and belief, Defendants Motorola Solutions, Inc. and Motorola Mobility, Inc. ("Defendants Motorola") have been and are now infringing the '955 Patent in the

State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell a multi-convergence device having domain specific applications that allow users to complete a merchant transaction without the need to generate a voice call.   On information and belief, an example of a Defendants Motorola product that infringes the '955 Patent, includes but is not limited to the Droid X product.   Defendants Motorola are thus liable for infringement of the '955 Patent pursuant to 35 U.S.C. § 271.

53.   On information and belief, Defendants Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC ("Defendants Samsung") have been and are now infringing the '955 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell a multi-convergence device having domain specific applications that allow users to complete a merchant transaction without the need to generate a voice call.   On information and belief, an example of a Defendants Samsung product that infringes the '955 Patent includes but is not limited to the Samsung Galaxy S product.   Defendants Samsung are thus liable for infringement of the '955 Patent pursuant to 35 U.S.C. § 271.

54.   On information and belief, Defendant Kayak.com has been and now is infringing the '955 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell products that have systems and/or methods for allowing a multi-convergence device utilizing a domain specific application to complete a merchant transaction without the need to generate a voice call.   On information and belief and without limitation, examples of Kayak.com products that infringe the '955 Patent include, but are not limited to the Kayak.com smartphone domain specific application product including the server or servers which host the Kayak.com smartphone domain specific application and which allows smartphone users to connect to an Kayak.com server, to complete a

merchant transaction without the need to generate a voice call.  Defendant Kayak.com is thus liable for infringement of the '955 Patent pursuant to 35 U.S.C. § 271.

55.    On information and belief, Defendant Microsoft Corporation has been and now is infringing the '955 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell products that have systems and/or methods for allowing a multi-convergence device to complete a merchant transaction without the need to generate a voice call.  On information and belief, multiple Microsoft Corporation products including, but not limited to the Windows Phone domain specific application store sometimes referred to as "Apps Marketplace," which provides an on-line marketplace for allowing smartphone users to complete a merchant transaction without the need to generate a voice call.  Defendant Microsoft Corporation is thus liable for infringement of the '955 Patent pursuant to 35 U.S.C. § 271.

56.    On information and belief, Defendants Nokia Corporation and Nokia, Inc. (collectively "Nokia") have been and now are infringing the '955 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell a multi-convergence device having domain specific applications that allow users to complete a merchant transaction without the need to generate a voice call.  On information and belief, and example of a Nokia product that infringes the '955 Patent includes, but not limited to the N8 smartphone product.  Defendants Nokia are thus liable for infringement of the '955 Patent pursuant to 35 U.S.C. § 271.

57.    On information and belief, Defendants Sony Ericsson Mobile Communications, AB and Sony Ericsson Mobile Communications (USA), Inc. have been and now are infringing the '955 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell a multi-convergence device having

domain specific applications that allow users to complete a merchant transaction without the need to generate a voice call.   On information and belief, and example of a Sony Ericsson Mobile Communications, AB and Sony Ericsson Mobile Communications (USA), Inc. product that infringes the '955 Patent includes, but not limited to the Xperia X10 smartphone product. Defendants Sony Ericsson Mobile Communications, AB and Sony Ericsson Mobile Communications (USA), Inc. are thus liable for infringement of the '955 Patent pursuant to 35 U.S.C. § 271.

58.     On information and belief, Defendants Kyocera Corporation; Kyocera International; Kyocera Communications and Kyocera America, Inc. ("Defendants Kyocera") have been and now are infringing the '955 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell a multi-convergence device having domain specific applications that allow users to complete a merchant transaction without the need to generate a voice call.   On information and belief, an example of a Defendants Kyocera product that infringes the '955 Patent includes but is not limited to the Kyocera Echo product.   Defendants Kyocera are thus liable for infringement of the '955 Patent pursuant to 35 U.S.C. § 271.

59.     On information and belief, Defendant Verizon Communications, Inc. has been and now is infringing the '955 Patent in the State of Texas, in this judicial district, and elsewhere in the United States by making, using, importing, selling or offering to sell products that have systems and/or methods for allowing a multi-convergence device utilizing a domain specific application to complete a merchant transaction without the need to generate a voice call.   On information and belief, an example of a Verizon Communications, Inc. product that infringes the '955 Patent includes but is not limited to the VCast domain specific application store which allows smartphone users to connect to a VCast application server to complete a merchant

transaction without the need to generate a voice call.  Defendant Verizon Communications, Inc. is thus liable for infringement of the '955 Patent pursuant to 35 U.S.C. § 271.

60.     To the extent that facts learned in discovery show that Defendants' infringement of the '955 Patent is or has been willful, H-W reserves the right to request such a finding at time of trial.

61.     As a result of these Defendants' infringement of the '955 Patent, H-W has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

62.     Unless a permanent injunction is issued enjoining these Defendants and their agents, servants, employees, representatives, affiliates, and all others acting on or in active concert therewith from infringing the '955 Patent, H-W will be greatly and irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, H-W respectfully requests that this Court enter:

A.      A judgment in favor of H-W that Defendants have infringed the '955 Patent, and that such infringement was willful;

B.      A permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringing the '955 Patent;

C.      A judgment and order requiring Defendants to pay H-W its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '955 Patent as provided under 35 U.S.C. § 284;

D.      An award to H-W for enhanced damages resulting from the knowing, deliberate, and willful nature of Defendants' prohibited conduct with notice being made at least as early as the date of the filing of this Complaint, as provided under 35 U.S.C. § 284;

E.      A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to H-W its reasonable attorneys' fees; and

F.      Any and all other relief to which H-W may show itself to be entitled.

## DEMAND FOR JURY TRIAL

H-W, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated: April 19, 2011                          Respectfully submitted,

**H-W TECHNOLOGY, L.C.**


/s/ Winston O. Huff

Winston O. Huff, Attorney in Charge
State Bar No. 24068745
Arthur I. Navarro
State Bar No. 00792013
Navarro Huff, PLLC
302 N. Market, Suite 450
Dallas, TX 75202
214.749.1220 (Firm)
214.749.1233 (Fax)
whuff@navarrohuff.com

ATTORNEYS FOR PLAINTIFF
H-W TECHNOLOGY, L.C.

## CERTIFICATE OF FILING

I hereby certify that on April 19, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

Respectfully submitted,

/s/ Winston O. Huff

Winston O. Huff, Attorney in Charge
State Bar No. 24068745
Arthur I. Navarro
State Bar No. 00792013
Navarro Huff, PLLC
302 N. Market, Suite 450
Dallas, TX 75202
214.749.1220 (Firm)
214.749.1233 (Fax)
whuff@navarrohuff.com

ATTORNEYS FOR PLAINTIFF
H-W TECHNOLOGY, L.C.