# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | |
|---|---|
| **H-W Technology, L.C.,** | **CIVIL ACTION NO.  3:11-cv-00651-G** |
| Plaintiff, | **Judge A. Joe Fish Presiding** |
| **v.** | |
| **Apple Inc., et al.** | |
| Defendants. | **JURY TRIAL DEMANDED** |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS UNDER FRCP 12(B)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED OR, IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT PURSUANT TO RULE 12(E) AND BRIEF IN SUPPORT**

## TABLE OF CONTENTS

I.   INTRODUCTION AND SUMMARY OF ARGUMENT .................................................. 1

II.   LEGAL STANDARDS ................................................................................................. 5

  A.   Motions to Dismiss Under Fed. R. Civ. P. 12(b)(6) ............................................. 5

  B.   The Pleading Standard ........................................................................................ 6

  C.   Claim Construction Standard ............................................................................. 7

III.   ARGUMENT ............................................................................................................... 8

  A.   Claims 1 And 17 of '955 Patent Are Not Indefinite Under
The Standards Set in the *IPXL Holdings* or *In Re Katz* Cases .............................. 9

  B.   H-W Technology Has Stated a Claim Upon Which Relief
May be Granted And Is Not Limited to a Joint Infringement Theory of
Infringement of its Method Claims. ....................................................................... 15

IV.   CONCLUSION ........................................................................................................... 21

# TABLE OF AUTHORITIES

## Federal Cases

*Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009) ....................................... 10, 11, 23

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) ............................................. 10, 11, 23

*BMC Resources, Inc. v. Paymentech*, L.P., 498 F.3d 1373 (Fed. Cir. 2007) ........................... 4, 25

*Chimie v. PPG Indus., Inc.*, 402 F.3d 1371, 1377 (Fed. Cir. 2005) ...................................... 12, 22

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) ........................ 10, 11

*Corning Glass Works v. Sumitomo Elec.*, 868 F.2d 1251, 1256 (Fed. Cir. 1989) ....................... 12

*Cross Medical Products v. Medtronic Sofamor Danek*, 424 F.3d 1293, 1311
(Fed. Cir. 2005) ............................................................................................................. 25

*Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995) ................................................................ 4, 11

*Epicrealm Licensing, LP v. Autoflex Leasing, Inc.*, Slip Copy, 2008 WL 5784214
(E.D. Tex. 2008) ......................................................................................................... 12, 22

*Ex parte Lyell*, 17 USPQ2d 1548 (BPAI 1990) ...................................................................... 19

*Exxon Research & Eng'g Co. v. United States*, 265 F.3d 1371, 1375 (Fed.Cir.2001) ............... 19

*Friday Group v. Ticketmaster*, No. 4:08-CV-01203, 2008 WL 5233078
(E.D. Mo. Dec. 12, 2008) ........................................................................................... 25, 26

*Global Patent Holdings, LLC v. Panthers BHRC, LLC*,
586 F. Supp. 2d 1331 (S.D. Fl. 2008) ......................................................................... 25, 26

*Golden Hour Data Sys., Inc. v. emsCharts Inc.*, No. 2:06-CV-381, 2009 WL 943273
(E.D. Tex. April 3, 2009) ............................................................................................ 24, 25

*Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) .................................................................. 11

*Honeywell Int'l, Inc. v. Int'l Trade Comm'n*, 341 F.3d 1332, 133839 (Fed.Cir.2003) ............... 19

*IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1383-84 (Fed.Cir.2005) ..... 14,19, 20

*In Re Katz*, 639 F.3d 1303 at 1328 (Fed.Cir.2011) ............................................................ 14, 18

*Kustom Signals v. Applied Concepts, Inc.*, 264 F.3d 1326, 1331 (Fed. Cir. 2001) ............... 12, 22

*Markman v. Westview Instruments*, 52 F.3d 967, 976 (Fed. Cir.) (en banc),
aff'd, 116 S. Ct. 1384, 1393 (1996) ............................................................................... 12

*McManus v. Fleetwood Enters.*, 320 F.3d 545, 551 (5th Cir. 2003) ...................................... 4, 12

*MuniAuction, Inc. v. Thompson Corp.*, 532 F.3d 1318 (Fed. Cir. 2008) ........................... 4, 24, 25

*Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) .......................................................................... 11

*Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002) ............................................................... 11,23

*Tuchman v. DSC Comms.*, 14 F.3d 1061, 1068 (5th Cir. 1994) ................................................. 12

*Walker v. South Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990) ....................... 11, 12, 23

Plaintiff H-W Technology, L.C. ("Plaintiff" or "H-W Technology") files the following Response to Defendants Amazon.com Incorporated, Amazon Payments, Inc., Apple Inc., Buy.com, Inc., Cellco Partnership d/b/a Verizon Wireless, eBay, Inc., Expedia, Inc., Google Inc., Hotels.com L.P., HTC Corporation, HTC America, Inc., Kayak Software Corporation, Kyocera Communications, Inc., Microsoft Corporation, Motorola Mobility, Inc., Orbitz Worldwide, Inc., Priceline.com L.L.C., Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., Samsung Telecommunications America, LLC, and Sony Ericsson Mobile Communications (USA) Inc. ("Defendants") Motion to Dismiss H-W Technology's Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for allegedly failing to state a claim upon which relief can be granted or, in the alternative, for a more definite statement pursuant to Rule 12(e) ("Motion").

## I.    INTRODUCTION AND SUMMARY OF ARGUMENT

H-W Technology is the owner of the entire right, title and interest to the U.S. Patent No. 7,525,955 ("the '955 Patent"). The '955 Patent discloses and claims systems, methods and apparatus for performing contextual searches on an Internet Protocol (IP) Phone[1]. The '955 Patent comprises 24 claims, three of which are independent. On March 30, 2011, H-W Technology filed suit against the Defendants alleging, *inter alia*, that certain of their products and methods infringe claims of the '955 Patent. (Dkt. No. 1). On April 19, 2011, Plaintiff filed its Amended Complaint. (Dkt. No. 38). Defendants filed their Motion to Dismiss on August 8, 2011 (the "Motion"). (Dkt. No. 195).

In a thinly veiled attempt to have the Court prematurely decide the merits of this case, the Defendants' Motion does little more than ask this Court to adopt Defendants' own private resolution of issues of law and fact. The Defendants' Motion is fatally flawed in three important

---

[1] According to the '955 Patent an IP Phone is a device capable of converging voice and data unto a single device. Plaintiff has alleged in its Complaint that such a device includes the modern day "smartphone" a device capable of converging voice communications and access to data on the Internet.

respects: first, contrary to Defendants' assertion, independent claims 1 and 17 are not indefinite as they do not recite two statutory classes of invention; second, Defendants incorrectly assert that independent claim 9 of the '955 Patent requires joint infringement; and third, if the Court finds that joint infringement is necessary, Plaintiff's pleading is sufficient under the appropriate standards.

Defendants' attempt to equate claims of the '955 Patent to claims which other Courts have found indefinite and therefore invalid under the patent statute must fail. Specifically, for purpose of a Rule 12(b) motion to dismiss, Plaintiff is entitled to a construction of the claims in question in a way that do not make them indefinite. Thus, while it is true that claims combining two statutory classes of invention into a single claim have been held invalid, claims 1 and 17 of the '955 Patent can be construed to avoid such a combination.

For example, a claim reciting "A <u>shovel</u> for digging a hole and a <u>method</u> of using a shovel for digging a hole" would be considered indefinite as it combines a thing, i.e. a shovel, and a method of using a thing into single claim. In contrast, the claims of the '955 Patent ***does not*** combine a system and method of using a system into a single claim. In fact, a simple review of Claim 1 reveals that it is clearly directed to an IP Phone and ***not*** to a method of using an IP Phone. Similarly, claim 17 is directed to an apparatus, namely a tangible computer readable medium, and not to a method of using such a medium. At best, claims 1 and 17 of the '955 Patent incorporate functional limitations that limit the structure of the system or apparatus claims and inform one of ordinary skill in the art when these claims are infringed. Therefore, Defendants have failed to meet their significant Rule 12(b) burden to show that H-W Technology is not entitled to ***any*** form of recovery based on its allegation that Defendants have infringed claims 1 and 17 of the '955 Patent.

**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS – Page 2**

The more overriding issue, however, is the appropriateness of considering the validity of claims of the '955 Patent in a Rule 12(b) Motion to Dismiss.   The primary cases which Defendants rely on for their allegations of indefiniteness were considered and ruled upon at summary judgment, presumably after the benefit of discovery, claim construction and expert testimony.   Thus, contrary to what Defendants would have this Court believe, the validity of patent claims is seldom a foregone conclusion ripe for disposition under Rule 12(b).   In particular, Defendants have not cited a single case where a Court has granted a Rule 12(b) motion to dismiss on the basis that patent claims are indefinite due to joinder of separate classes of invention[2].   As explained more fully below, there are good reasons why Courts have been reluctant to dismiss patents suits for such reasons.

By glossing over the claim language and triumphantly proclaiming claims 1 and 17 of the '955 Patent as invalid, Defendants are in essence requesting summary judgment of this issue. Moreover, the articulated concerns that courts have had with claims that purportedly recite both systems and methods are not presented by the claims of the '955 Patent as there is no confusion as to the nature or when they are infringed.   Specifically, courts that have dealt with similar arguments of indefiniteness have been primarily concerned with the problem of not being able to determine whether a claim is one directed at a system/apparatus or a method of using such a system/apparatus. Indeed, the only difference between those cases and the instant case is that they were decided ***after*** the benefit of discovery and expert testimony and not prematurely on a motion to dismiss.

Second, the Defendants tacitly attempt to force the Court to adopt their premature and

---

[2] In their Motion Defendants cleverly claim "In situations analogous to this one." although not a single case cited by them involves dismissal under Rule 12(b) based on a finding that patent claims are hybrid.  Dkt No. 195 at p.4.

self-serving construction of terms in independent claim 9 of the '955 Patent.[3]  Specifically, the

Defendants ask this Court to require that infringement be the result of the actions of two separate

entities.  Thus, Defendants assume that two separate entities are required in order to practice the

method claims of the '955 Patent but that argument would require a construction of the claims in

question.  Defendants' "do-it-yourself," claim construction usurps the Court's role as sole

interpreter of patent claims, distorts the patent claims' literal language and ignores at least one

alternative construction which may be adopted as the Court's construction.  Without a doubt,

claim interpretation is the exclusive province of the Court and cannot be usurped by a party,

particularly in the context of a Rule 12(b)(6) Motion to Dismiss on the pleadings.

For example, in their Motion, Defendants' continuously stress that a "**user**" of an IP

Phone is a second party required to perform the method steps of the '955 Patent.  Inherent in this

argument is the assumption that a "user" is a party separate and distinct from a defendant in the

lawsuit.  Yet, the plain and ordinary meaning of the term "user" is one who uses.[4]  H-W

Technology is prepared to demonstrate that each and every defendant is a user in that each and

every defendant directs and controls at least one software program which is executed on an IP

Phone and which allows a defendant to use the IP Phone to perform all the steps of the method

claims of the '955 Patent[5].  Thus, should the Court adopt H-W Technology's proposed claim

construction of a "user," each and every defendant would be using an IP Phone to perform the

steps of the method claims of the '955 Patent.

---

[3] H-W Technology respectfully notes that, as of the date of filing of this Response, the Court has yet to issue its
construction of any of the claims of the '955 Patent.  Nor have the parties exchanged any of the disclosures required
by P.R. 4 ("Claim Construction Proceedings").

[4] It is black letter patent law that the starting point for claim construction is the plain and ordinary meaning of a
term. See generally *Phillips v. AWH Corporation*, 415 F.3d 1303 (Fed. Cir. 2005)

[5] The '955 Patent refers to these programs as Domain Specific Applications or DSAs.  A DSA is a program which
uses and IP Phone in the sense that it causes the processor, memory and other components of the IP Phone to
perform functions which is a use of the IP Phone.

**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS – Page 4**

As to Defendants' third flawed assertion, H-W Technology has properly plead a theory of infringement. Plaintiff's Complaint properly states claims upon which relief may be granted and alleges specific facts in support thereof, thereby fulfilling the pleading standard of FED. R. CIV. P. 8. At the pleading stage, nothing more is required. Defendants, however, conflate the standard for *pleading* a cause of action under FED. R. CIV. P. 8 with the more stringent standard for *proving* a cause of action. Thus, Defendants' Motion prematurely asks the Court to rule on the *merits* of H-W Technology' infringement claim by both requiring the Court to adopt their claim constructions and then rule on the merits of the infringement claims.

In short, Defendants' Motion is essentially a request for summary judgment based upon Defendants' own claim constructions and an equivocation of the more stringent standard for proving the *merits* of a claim with the standard for merely *pleading* a claim. While the *merits* of infringement are rightly considered at trial or in a motion for summary judgment, such arguments are misplaced in a motion to dismiss—which considers merely the *sufficiency of Plaintiff's pleading* of infringement. Defendants' conflation of the requirements for merely pleading a claim on the one hand, and proving the merits of that claim on the other, permeates the Motion.

For the reasons previewed above and discussed below, H-W Technology respectfully requests that the Court deny Defendants' Motion.

## II.   LEGAL STANDARDS

### A.   Motions to Dismiss Under Fed. R. Civ. P. 12(b)(6)

Motions to dismiss for failure to state a claim are viewed with disfavor and are seldom granted. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). To survive a motion to dismiss, a complaint must contain sufficient factual matter which, *when*

*accepted as true*, states a claim for relief that is plausible on its face. *See Twombly* 550 U.S. at 570; *Iqbal* 129 S. Ct. at 1949. A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly* 550 U.S. at 556; *Iqbal* 129 S. Ct. at 1949. "The plausibility standard is *not* akin to a '*probability requirement*,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (emphasis added).

Thus, in ruling upon a Rule 12(b)(6) motion, the Court cannot decide disputed fact issues. The court may grant a motion under Rule 12(b)(6) only if it can determine with certainty that the plaintiff cannot prove facts that would allow the relief sought in the complaint. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).

A motion to dismiss for failure to state a claim *admits the facts alleged in the complaint*, but challenges the plaintiff's right to any relief base on those facts. *See Crowe v. Henry*, 43 F.3d 198, 203 (5th Cir. 1995) (emphasis added). *The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff can offer evidence to support its claims*. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). As a result, a court must draw all inferences in favor of the plaintiff. *See Collins*, 224 F.3d at 498.

### B.    The Pleading Standard

A complaint must contain "a short and plain statement" of the claim. FED. R. CIV. P. 8(a); *Swierkiewicz v. Sorema*, 534 U.S. 506, 512 (2002); *Walker v. South Cent. Bell Tel. Co.*, 904 F.2d 275, 277 (5th Cir. 1990). Each averment must be simple, concise and direct. FED. R. CIV.P. 8(e)(1). The pleading standard under Rule 8 *does not require detailed factual allegations*, but does require more than an unadorned accusation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009).  If no specific provision imposes a heightened pleading requirement, the "short and plain" requirement of Rule 8(a) applies.  *See Swierkiewicz*, 534 U.S. at 513.

A pleading may be based on information and belief.  FED. R. CIV. P. 11(b).  A complaint in this form is appropriate when the matters are within the knowledge of the defendant.  *See Tuchman v. DSC Comms.*, 14 F.3d 1061, 1068 (5th Cir. 1994).   A plaintiff is *not required to correctly specify a legal theory*, so long as the plaintiff alleges facts upon which relief may be granted.  *See McManus v. Fleetwood Enters.*, 320 F.3d 545, 551 (5th Cir. 2003) (emphasis added).  A complaint is not inadequate simply because an element of its claim is omitted, so long as the element may be fairly inferred from the pleading as a whole.  *See Walker*, 904 F.2d at 277.

## C.      Claim Construction Standard

In deciding whether a method or a device infringes a patent claim, two inquiries are involved.  First, the scope of the claim must be determined by the Court.  Then – and only then – the accused product is analyzed for infringement with reference to the properly-construed claim.  *Markman v. Westview Instruments, Inc.*, 517 U.S. 370, 372 (1996).  The claims of a patent define the metes and bounds of the exclusive right that the patent confers on the patentee.  *Corning Glass Works v. Sumitomo Elec.*, 868 F.2d 1251, 1256 (Fed. Cir. 1989).   Claim construction is a matter of law exclusively for the court to decide.  *Markman v. Westview Instruments*, 52 F.3d 967, 976 (Fed. Cir.) (en banc), aff'd, 116 S. Ct. 1384, 1393 (1996).  "The Federal Circuit [has] stated that the 'purpose of claim construction is to "determin[e] the meaning and scope of the patent claims asserted to be infringed.""'  *Epicrealm Licensing, LP v. Autoflex Leasing, Inc.*, Slip Copy, 2008 WL 5784214 (E.D. Tex. 2008) (*internal citations omitted*).  In other words, "Courts construe claim terms in order to assign a fixed, unambiguous, legally operative meaning to the

claim." *Chimie v. PPG Indus., Inc.*, 402 F.3d 1371, 1377 (Fed. Cir. 2005) (*internal citations omitted*).   Claim construction differing from that proffered by the court is therefore irrelevant. *Markman*, 52 F.3d. 967.   Ultimately, a court must construe claims according to the standard of what the words of a claim would have meant to one skilled in the art at the time of invention. *Kustom Signals v. Applied Concepts, Inc.*, 264 F.3d 1326, 1331 (Fed. Cir. 2001).

## III.   ARGUMENT

The Defendants have gone through great lengths to get this Court to convert their Motion to Dismiss into a Motion for Summary Judgment.   Indeed, the Defendants prematurely conclude that Claims 1 and 17 of the '955 Patent are facially invalid, that claim 9 requires joint infringement and that H-W Technology has failed to properly plead a theory of recovery with the requisite sufficiency. Tellingly, Defendants' Motion ignores the distinguishing characteristics between the claims found in the *IPXL Holdings* or *In Re Katz* Cases and those at issue here, ignores established case law about the impropriety of holding claims invalid prior to the Court's claim construction and, is at best, a premature attempt to get two bits at the proverbial summary judgment apple.   Moreover, the Defendants raise several issues that are inappropriate for a Motion to Dismiss and instead should be raised during claim construction proceedings, or alternatively, in a Motion for Summary Judgment.

Indeed, Defendants construe terms of select claims and then analyze *infringement* of the claims based on their own private constructions.   Secondly, Defendants incorrectly assert that H-W Technology has failed to properly plead a theory of recovery based on their conclusion that the only way for H-W Technology to recover is to plead joint infringement.   Defendants' motives are clear: get the Court to rule on the *merits* of H-W Technology' cause of action before material issues of both fact and law (e.g., claim construction) have been adjudicated and to call

such a ruling on the merits a failure to plead a cause of action.  As shown below, dismissal under Rule 12(b)(6) is improper, and Defendants' Motion must be denied.

> **A.      Claims 1 And 17 of '955 Patent Are Not Indefinite Under The Standards Set in the *IPXL Holdings* or *In Re Katz* Cases**

Contrary to the Defendants' assertion, Claims 1 and 17 of the '955 Patent are directed toward one statutory class of invention and as such, are not indefinite under the *IPXL Holdings* or *In Re Katz* line of cases.   The primary basis for Defendants' contention that claims 1 and 17 of the '955 Patent are invalid is that these claims are "similar" to claims which the Federal Circuit has found invalid in *IPXL Holdings, L.L.C. v. Amazon.com, Inc.,*[6] and *In re Katz Interactive Call Processing Patent Litig.*[7] (Dkt. No. 195, p. 6.[8])   In *IPXL Holdings,* the Court found ***one***[9] out of 32 claims in US Patent No. 6,149,055[10] ("the '055 Patent") invalid under 35 U.S.C.  § 112 holding the claim attempted to cover both an apparatus and method in a single claim.  See *IPXL Holdings*, 430 F.3d at 1383 (Fed. Cir. 2005).  Similarly in *In re Katz*, the Court, found three out of 89 claims[11] indefinite and held that "…the claims […] create confusion as to when direct infringement occurs."  *In re Katz*, 639 F.3d 1303 at 1328 (Fed. Cir.2011).

Contrary to the Defendants unequivocal proclamation that claims 1 and 17 are indefinite and therefore invalid, no Rule 12(b) basis exists for the determination of when a claim is invalid under the rationale of the *IPXL Holdings* and *In re Katz* cases.  At best, the *IPXL Holdings* and *In re Katz* Courts were concerned with 1) claims that include both a system and a method of

---

[6] 430 F.3d 1377 (Fed. Cir. 2005)
[7] 639 F.3d 1303 (Fed. Cir.2011).
[8] Interesting enough, in their allegation of similarity the Defendants make no mention of the fact that both the *IPXL* and *In re Katz* cases involved a review of lower court rulings on summary judgment and not a Rule 12 Motion to Dismiss.
[9] The Court in IPXL Holdings focused solely on claim 25 of the '055 Patent.
[10] See also attached Exhibit A, a copy of the '055 Patent.
[11] See also attached Exhibit B, copy of US Patent No. 5,917,893 (the '893 Patent which the subject of the Court's decision).

using the system; and 2) the potential for confusion as to when direct infringement occurs due to a lack of clarity that may be presented by such claims.   Because both claims 1 and 17 of the '955 Patent are clearly directed to a system or apparatus, respectively, neither claim 1 nor claim 17 of the '955 Patent recite two statutory classes of invention.   Moreover, claims 1 and 17 do not present the potential for confusion which the *IPXL Holdings* and *In Re Katz* Court used to invalidate claims in those cases.

        **1.**      **The Claims Invalidated by the *IPXL Holdings* Court Are Not Analogous To Those Presented Here**

Claims 1 and 17 of the '955 Patent are patently distinguishable from those held invalid by the Court *in IPXL Holdings* and as such are both valid and definite.   Independent claim 1 of the '955 Patent requires:

> 1.      A system, comprising: an Internet Protocol (IP) phone coupled to a server, wherein said IP phone is configured to receive contextual information from said server, wherein said IP phone comprises: a memory unit operable for storing a computer program for performing contextual searches; a processor coupled to said memory unit, wherein said processor, responsive to said computer program, comprises: circuitry for receiving a command to perform a contextual search; circuitry for receiving search criteria; circuitry for submitting said search criteria to said server; and circuitry for receiving from said server a list of merchants matching said search criteria and information regarding each of said merchants in said list; **wherein a user of said IP phone completes a transaction with at least one of said merchants listed without the need to generate a voice call**; wherein said information received by said user of said IP phone comprises a variety of offers, **wherein said user selects one of said variety of offers associated with said one of said merchants listed**, wherein said selected offer is transmitted to said one of said merchants listed electronically; and wherein said user's contact and payment information is not transmitted to said one of said merchants listed, wherein said user's contact and payment information is available to said one of said merchants listed.  (*emphasis added*).

Similarly, independent claim 17 of the '955 Patent provides:

> 17.     A tangible computer readable medium encoded with computer program for performing contextual searches on an Internet Phone (IP) phone comprising the steps of: receiving a command to perform a contextual search; receiving search criteria from a user of said IP phone; submitting said search criteria to a

server coupled to said IP phone; and receiving from said server a list of merchants matching said search criteria and information regarding each of said merchants in said list; **wherein said user completes a transaction with at least one of said merchants listed without the need to generate a voice call**; wherein said information received by said user comprises a variety of offers, **wherein said user selects one of said variety of offers associated with said one of said merchants listed**, wherein said selected offer is transmitted to said one of said merchants listed electronically; and wherein said user's contact and payment information is not transmitted to said one of said merchants listed, wherein said user's contact and payment information is available to said one of said merchants listed. (*emphasis added*).

Defendants argue that the highlighted portions of claims 1 and 17 above render the entirety of these claims invalid because both claims contain methods steps that must be performed by the user of the system and because an accused infringer cannot tell if the claim is infringed when the claimed system is sold or when a user performs the method steps.  See Dkt. No 195 at p. 7. Defendants' Motion is devoid of concrete analysis and in its stead, provides conclusory statements, which do little to aid the Court.

Comparing the above to the claim held invalid by the *IPXL* Court, it is clear claim 1 of the '955 Patent does not claim both a system and a method of using such a system.

The *IPXL* Court analyzed the following claim:

"The system of claim 2 wherein the <u>predicted transaction information comprises both a transaction type and transaction parameters associated with that transaction type</u>,  and the **user uses the input means to either change the predicted transaction  information  or  accept  the  displayed  transaction  type  and transaction parameters**."   See '055 Patent, col. 22, lines 8-13 (emphasis added).

In holding a patent claim indefinite, the *IPXL* Court observed "it is clear that reciting <u>both an apparatus and a method of using that apparatus</u> renders a claim indefinite under section 112, paragraph 2." Id. at 1383 (citing the Board of Patent Appeals and Interferences and *Ex parte Lyell*, 17 USPQ2d 1548 (1990)).   The Court further analyzed the contested claim and found "it is unclear whether infringement of claim 25 occurs when one creates a system… or whether

infringement occurs when the user actually uses the input means… ."  *Id.*  "Because claim 25 recites both a system and the method for using that system, it does not apprise a person of ordinary skill in the art of its scope, and it is invalid under section 112, paragraph 2."  *Id*.

Clearly the above claim includes a system, i.e. "predicted transaction information," and a method of "using an input means to…. change the predicted transaction information." Conversely as noted above, claim 1 of the '955 Patent is directed to "***A system***, comprising an Internet Phone coupled to a server." Additionally, claim 17 of the '955 Patent is directed to "***A tangible computer readable medium*** . . ." Nowhere in either claim is their an attempt to include a method for using a system comprising an Internet Phone coupled to a server or a method for using a tangible computer readable medium.  Indeed, the wherein clauses Defendants seek to characterize as method steps are in fact functional limitations which limit certain of the recited structural elements.  More specifically, the disputed wherein clauses do not claim or attempt to claim the method of using an IP Phone. Thus, claims 1 and 17 of the '955 Patent do not recite an apparatus and a method in a single claim.

To be sure, the following table summarizes the many differences between the claim held invalid by the *IPXL* Court and claims 1 and 17 of the '955 Patent:

| IPXL '055 Patent Claim Held invalid | Claim 1 of '955 Patent | Claim 17 of the '955 Patent |
|---|---|---|
| Dependent System Claim | Independent System Claim | Independent Apparatus Claim |
| By word count Claim is Approximately ½ Method and ½ System | At best 2 sentences out of 9 are method steps[12] | At best 2 sentences out of 9 are method steps |
| Contains phrase "**a user uses**…." language which directly which recites methodology for using the system of the claim | No such equivalent.  A "**user selects**" doesn't imply a method of using  an IP Phone, the system of the claim | No such equivalent.  A "**user selects**" doesn't imply a method of using and a tangible computer readable medium, the apparatus of the claim |
| Hard to tell when claim is | Easy to tell when claim is | Easy to tell when claim is |

---

[12] H-W Technology does not concede that these are method steps but are characterized as such herein for comparative purposes only.

| IPXL '055 Patent Claim Held invalid | Claim 1 of '955 Patent | Claim 17 of the '955 Patent |
|---|---|---|
| infringed | infringed | infringed |
| Claim held invalid at Summary Judgment | Defendants would have the matter decided on a Rule 12(b) Motion to Dismiss | Defendants would have the matter decided on a Rule 12(b) Motion to Dismiss |
| Claim Terms Construed | No Claim Construction | No Claim Construction |

**2.      Claims 1 and 17 Create No Infringement Confusion.**

Defendants simply conclude but have not met their Rule 12(b) burden of showing that Claims 1 and 17 of the '955 Patent create confusion as to when the claims are infringed and, as such, their Motion should be denied.  Confusion was the central issue guiding the holding in both *IPXL* and *In Re Katz* in which the Court noted "the claims […] create confusion as to when direct infringement occurs."  *In re Katz*, 639 F.3d 1303 at 1328 (Fed. Cir.2011).  In so doing, the *In re Katz* Court distinguished claims of the patent in question from those in *Microprocessor Enhancement Corp. v. Texas Instruments, Inc.*,[13] where a challenge to the validity of claims having both method and system limitations was overcome by the patent holder.

H-W Technology believes claims 1 and 17 of the '955 Patent are more analogous to those found in *Microprocessor Enhancement Corp.* as opposed to those in *In re Katz*.  Citing *IPXL Holdings*, the defendant in *Microprocessor Enhancement* argued that asserted claim 1 is invalid, because the claim includes both apparatus and method step recitations. The claim in *Microprocessor Enhancement* recited a "method of executing instructions in a pipeline processor comprising: [structural limitations on the processor], said method further comprising the steps of: [steps implemented in the processor, including fetching, performing, etc.]." *Id*. at 1374.  Thus, on the surface, the claim appears to impermissibly mix two subject matter classes, i.e., apparatus and method steps.  *Id*. However, according to the Federal Circuit, the *Microprocessor*

---

[13] 520 F.3d 1367, 1374-75 (Fed. Cir. 2008)

*Enhancement* claim is not indefinite for including the two types of recitations, because the structural limitations on the processor simply constrain the type of processor that performs the recited steps. *Id*.

Here, like in *Microprocessor Enhancement Corp.,* H-W Technology believes the wherein clauses of claims 1 and 17 are not impermissible method steps, but instead are structural limitations on the type of IP Phone necessary for infringement. Indeed, all IP phones are not at issue in this litigation. As the wherein clauses make clear, only IP Phones with the necessary structure capable of performing certain transactions are at issue. In this regard, the infringing actor is clear, namely the manufacturer of the IP Phone capable of completing certain merchant transactions. In view of the foregoing, Defendants' Motion should be denied.

### 3.    Defendants Have Not Met Their High Burden of Showing Indefiniteness.

Under 35 U.S.C. § 112, ¶ 2, the claims of a patent must "particularly point[ ] out and distinctly claim[ ] the subject matter which the applicant regards as his invention." "A claim is considered indefinite if it does not reasonably apprise those skilled in the art of its scope." *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1383-84 (Fed.Cir.2005). "Because a claim is presumed valid, a claim is indefinite only if the 'claim is insolubly ambiguous, and no narrowing construction can properly be adopted.' " *Honeywell Int'l, Inc. v. Int'l Trade Comm'n*, 341 F.3d 1332, 133839 (Fed.Cir.2003) (quoting *Exxon Research & Eng'g Co. v. United States*, 265 F.3d 1371, 1375 (Fed.Cir.2001)).

In their Motion, Defendants did not even attempt to rebut the potential for a narrowing construction. Since the claims of the '955 Patent are presumed valid, for this reason alone, their Motion should be denied.

> **4.    The '955 Patent was Examined and Issued under the Underlying Principles Which Guided the IPXL Holdings and In re Katz cases.**

The concerns which the *IPXL Holdings* and *In re Katz* cases had with indefinite claims were rooted in a 1990 opinion by the Board of Patent Appeals and Interferences.  See *Ex parte Lyell*, 17 USPQ2d 1548 (BPAI 1990).   As noted in *IPXL Holdings* "The Board of Patent Appeals and Interferences ("Board") of the PTO, however, has made it clear that reciting both an apparatus and a method of using that apparatus renders a claim indefinite under section 112, paragraph 2" *IPXL Holdings* at 1383 citing *Ex parte Lyell*, 17 USPQ2d 1548 (BPAI 1990).  IPXL Holdings also noted that the rule is well recognized and has been incorporated into the PTO's Manual of Patent Examination Procedure.  § 2173.05(p)(II) (1999).

 The '955 Patent issued from an application filed on March 15, 2005.  Presumably, therefore, the US Patent and Trademark Office ("USPTO") utilized their own examination standards adopted in 1999 to examine and issue an application filed in 2005 such as the one leading to the issuance of the '955 Patent.  Yet again, the Defendants have not bothered to rebut either the initial presumption of validity of the '955 Patent nor the presumption that the USPTO was aware of the issues involved in both the *IPXL Holdings* and *In re Katz* cases and still decided to issue the '955 Patent.

> **B.    H-W Technology Has Stated a Claim Upon Which Relief May be Granted And Is Not Limited to a Joint Infringement Theory of Infringement of its Method Claims.**

In requesting the Court dismiss H-W Technology's claim of infringement, Defendants assume H-W Technology's only theory of infringement is joint infringement.  As with their arguments relating to claims 1 and 17 of the '955 Patent, this argument is based solely on

**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS – Page 15**

Defendants privately construing the terms of claim 9 and then analyzing *infringement* of the claim based on their own private constructions.   As such, Defendants incorrectly assert that H-W Technology has failed to properly plead a theory of infringement.

Defendants would have the Court conclude that dismissal is appropriate based on a thinly veiled attempt at equivocation: an effort to get the Court to rule on the *merits* of H-W Technology' cause of action before material issues of both fact and law (e.g., claim construction) have been adjudicated, and to call such a ruling on the merits a failure to plead a cause of action. As shown below, dismissal under Rule 12(b)(6) is therefore improper, and Defendants' Motion must be denied.

> **1.  Defendant's Assertions Regarding Claim 9 Are Based on Their Own Private Constructions of Claim Terms Which Effectively Require the Court to Decide the Merits of the Case.**

In their Motion, Defendants assert that joint infringement is the only theory of recovery allowed under Claim 9 of the '955 Patent and that H-W Technology has failed to plead joint infringement.   See Motion, page 9.   Defendants construe claim 9 to their benefit and then contend that more than one entity is required to perform the steps of method claim 9.   Thus, although styled as a motion to dismiss under FED. R. CIV. P. 12(b)(6), Defendants effectively ask this Court, first, to adopt their own interpretation of claim 9 of the '955 Patent and, second, to rule on the merits of H-W Technology' infringement claims.

Defendants mistakenly construe claim 9 of the '955 Patent to require the combined activity of multiple entities.   See Motion, page 10.   Specifically, Defendants assert that steps of Claim 9 require at least two distinct parties to perform each step of the claimed methods.   *Id*. This theory of infringement, however, relies entirely on Defendants' spuriously narrow, private claim constructions.   Finally, Defendants argue that because H-W Technology has failed to plead

joint infringement, H-W Technology fails to state a claim upon which relief may be granted.  *Id.*

Contrary to the Defendants' assertions, the language of claim 9 of the '955 Patent can be construed so the claim is performed by a single actor.  For example, Defendants assume the step "receiving search criteria from a user of the IP Phone" must be performed by more than one party.  *Id.* at page 11, ¶ 1.  Apparently, Defendants construe the term "user" to be someone other than a party "receiving" the search criteria.  An alternative construction of the term "user", however, can consist of an application or software program that executes on an IP Phone such as a smartphone.  The plain and ordinary meaning of the term "user" is to use or utilize and, as such, H-W Technology should have an opportunity to request a construction of that term consistent with its plain and ordinary meaning.

Because the Motion is a Rule 12(b)(6) motion for dismissal, H-W Technology must be given the benefit of a potential alternative construction of the patent claim language.  Until the Court has issued proper claim constructions—after full and proper consideration during a *Markman* hearing—there is no basis to require (as Defendants do) that a "user" be construed to be a separate entity from the entity receiving search criteria.  *See Markman*, 52 F.3d at 976; *Epicrealm*, 2008 WL 5784214 (E.D. Tex. 2008); *Chimie*, 402 F.3d at 1377.

In particular, H-W Technology believes that two or more of the "roles" described in claim 9 of the '955 Patent can be fulfilled by a single entity.  For example, it is at least plausible that a single party could cause the execution of a program on an IP Phone, to thereby "use" the IP Phone to submit search criteria to a server operated and maintained by the same party.  It is also conceivable that operational divisions of a single enterprise could fulfill both the role of a user and a party receiving search criteria.  Defendants' claim construction is not only premature, usurping, and unfounded, but Defendants' interpretation that the claims require two independent

**PLAINTIFF'S RESPONSE TO MOTION TO DISMISS – Page 17**

parties is also improperly narrow.

Because Defendants' Motion is premised upon its own self-serving construction of claim terms, Defendants' Motion must be denied. The Motion again relies upon its erroneous claim construction, requiring that all claims of the '955 Patent "involve at least two entities" to dispute the sufficiency of the infringement allegation in the amended complaint.  Based upon their own, private claim construction, Defendants argue the amended complaint fails to properly plead that Defendants' methods infringe claim 9 of the '955 Patent.

Upon information and belief, and as pled in its amended complaint, H-W Technology believes that Defendants individually perform the recited steps.   Consequently, the method claims do not require the actions of two separate entities and Defendant's motion should be denied.

> **2.    Even if the Court Agrees With Defendants' Constructions, H-W Technology Properly Pled Joint Infringement.**

Even if the Court agrees at this early, pre-*Markman* stage that Defendants' have accurately construed the claims, the amended complaint further includes language sufficient to put each Defendant on notice of an alternative joint infringement theory as Count 1 of the amended complaint states that most Defendants have, upon information and belief, "been infringing…by making, using, offering to sell, selling or importing products and methods that utilize, **in whole or in part…  .**"   See Dkt. No. 38 at pp. 15-24.  The foregoing factual allegations meet the standard for pleading under FED. R. CIV. P. 8.  As noted previously, H-W Technology' pleading burden is merely to make a "short and plain statement" of its allegations.  *See* FED. R. CIV. P. 8(a); *Swierkiewicz* at 512; *Walker* at 277; Fed. R. Civ. P 8(e)(1).  Neither *Twombly* nor *Iqbal* change this standard; indeed, both explicitly state that "the pleading standard [FED. R. CIV. P.] does *not* require '*detailed factual allegations*.'"  *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550

U.S. at 555) (emphasis added).  Furthermore, H-W Technology is *not required to provide an exhaustive, element-by-element listing of all legal theories of* infringement in its complaint, as Defendants' Motion seems to suggest.  See McManus, 320 F.3d at 551.  To survive Defendants' Motion to Dismiss, H-W Technology' amended complaint need merely contain sufficient factual matter which, *when accepted as true*, shows a plausible claim that Defendants are liable for the misconduct.  *See Twombly* 550 U.S. at 556; *Iqbal* 129 S. Ct. at 1949.  H-W Technology has done so.

Defendants' Motion rejects proper 12(b)(6) analysis by shifting away from the foregoing principles and incorrectly evaluating H-W Technology's amended complaint under the principle that a "claim based on joint infringement requires the specific identification of second parties or other facts necessary to support a claim for joint infringement such as the exercise of 'direction or control' over the second party.  Although the foregoing may be an accurate statement of the requirements for *proving* joint infringement, it is not the standard for *pleading* a claim for joint infringement.  This transposition of the more stringent standard for proving joint infringement with the standard for merely pleading joint infringement constitutes a flagrant attempt at equivocation:  Defendants would have the Court rule for 12(b)(6) dismissal based not on the standard for *pleading*, but instead based on the *probability of prevailing on the merits* of joint infringement under extra-judicial claim constructions.

Moreover, even if the Motion had correctly cited the pleading standard, and even if the Motion had properly construed the claims-in-suit—neither of which it has done—H-W Technology still pled facts sufficient under the FED. R. CIV. P. 8 pleading standard to allege that each Defendant infringes in whole or in part.  Defendants' Motion must therefore be denied.

### 3.      Defendants' Rely on Inapposite Case Law.

Defendants' Motion relies on case law inapposite to the principles for which the case law is cited.  First, Defendants' Motion cites *MuniAuction, Inc. v. Thompson Corp.*, 532 F.3d 1318 (Fed. Cir. 2008) (on appeal, reversed-in-part and vacated-in-part) and *Golden Hour Data Sys., Inc. v. emsCharts Inc.,* No. 2:06-CV-381, 2009 WL 943273 (E.D. Tex. April 3, 2009) (granting judgment as a matter of law after trial) for the proposition that a "claim based on joint infringement requires proof that a single 'mastermind' defendant exercised such 'control or direction' over the other participants that the mastermind can be found vicariously liable for the conduct of the other entities."  Importantly, both *MuniAuction* and *Golden Hour* apply this joint infringement standard to *proving the merits* of a patent infringement claim—*not* to a proper consideration of pleading sufficiency under F ED. R. CIV. P. 12(b)(6).  *Id.*

Second, the cases Defendants rely on do not require a plaintiff to do more than make a "short and plaint statement" of the claim.   In fact, with the exception of *Friday Group* and *Global Patent Holdings*, the cases cited in the Motion are not cases where the Court dismissed a complaint under Rule 12(b)(6), much less dismissed the plaintiff's complaint with prejudice.  Instead, they are cases deciding the *merits* of a joint infringement claim on motions for summary judgment or judgment as a matter of law:

- *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373 (Fed. Cir. 2007) (on appeal, affirming grant of summary judgment);

- *Cross Medical Products v. Medtronic Sofamor Danek*, 424 F.3d 1293, 1311 (Fed. Cir. 2005) (on appeal, affirming-in-part and reversing-in-part district court's finding of infringement);

- *MuniAuction, Inc. v. Thompson Corp.*, 532 F.3d 1318 (Fed. Cir. 2008) (on appeal, reversing judgment of patent infringement);

- *Golden Hour Data Sys., Inc. v. emsCharts Inc.,* No. 2:06-CV-381, 2009 WL 943273 (E.D. Tex. April 3, 2009) (granting judgment as a matter of law post-trial).

Third, even if one could construe *Friday Group v. Ticketmaster,* No. 4:08-CV-01203, 2008 WL 5233078 (E.D. Mo. Dec. 12, 2008) and *Global Patent Holdings, LLC v. Panthers BHRC, LLC,* 586 F. Supp. 2d 1331 (S.D. Fl. 2008) as creating strict pleading requirements for a joint infringement claim (as Defendants suggest), those cases are not binding on this court as they issue from the Eastern District of Missouri and the Southern District of Florida, respectively.

Whether or not Defendants ultimately prevail against H-W Technology' direct undivided infringement claims after discovery and claim construction is not the proper domain of a Rule 12(b)(6) motion.   The issue that Defendants' Motion purports to place before this court is whether H-W Technology has failed to state a claim upon which relief may be granted.   As illustrated above, the amended complaint properly states a claim upon which relief may be granted under the FED. R. CIV. P. 8 pleading standard for both undivided and joint infringement theories.   Defendants' Motion conflates the proper assertion of a claim and the subsequent burden of proving the merits of that claim.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff H-W Technology, LLC, respectfully requests that the Court deny Defendants' motion to dismiss.   In the alternative, if any portion of Defendants' Motion persuades the Court, H-W Technology respectfully requests leave to amend its complaint in accordance with the Court's findings. *Friday Group v. Ticketmaster,* No. 4:08-CV-01203, 2008 WL 5233078, *14 (E.D. Mo. Dec. 12, 2008) (granting plaintiff leave to amend complaint); *accord Global Patent Holdings, LLC v. Panthers BHRC, LLC,* 586 F. Supp. 2d 1331 (S.D. Fl. 2008) (plaintiff admitting at oral argument that a grant of leave to amend would be futile).

Respectfully Submitted,

Dated:  August 29, 2011          **H-W TECHNOLOGY, L.C.**

/s/ *Winston O. Huff*

Winston O. Huff, Attorney in Charge
State Bar No. 24068745
Arthur I. Navarro
State Bar No. 00792013
Navarro Huff, PLLC
302 N. Market Street, Suite 450
Dallas, TX 75202
214.749.1220 (Firm)
214.749.1233 (Fax)
whuff@navarrohuff.com
art@navarrohuff.com

ATTORNEYS FOR PLAINTIFF
H-W TECHNOLOGY, L.C.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this notice was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 29th day of August, 2011.

By:  /s/ Winston O. Huff

## CERTIFICATE OF FILING

I hereby certify that on August 29, 2011, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

Respectfully submitted,

By:      /s/ Winston O. Huff

Winston O. Huff
Navarro Huff, PLLC
302 N. Market Street, Suite 450
Dallas, TX 75202
214.749.1220 (Firm)
214.749.1233 (Fax)
**whuff@navarrohuff.com**