**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| H-W TECHNOLOGY, L.C., | ) | |
| Plaintiff, | ) | **CIVIL ACTION NO. 3:11-cv-00651-G** |
| | ) | |
| v. | ) | **ORAL HEARING REQUESTED** |
| | ) | |
| APPLE INC., ET AL., | ) | |
| Defendants. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**DEFENDANT GOOGLE INC.'S MOTION TO STRIKE**
**SUPPLEMENTAL INFRINGEMENT CONTENTIONS**
**AND MEMORANDUM IN SUPPORT THEREOF**

# TABLE OF CONTENTS

**INTRODUCTION** ................................................................................................. 1

**BACKGROUND** .................................................................................................. 2

**ARGUMENT** ....................................................................................................... 4

I.      LEGAL STANDARD ................................................................................. 4

II.     H-W'S SUPPLEMENTAL INFRINGEMENT CONTENTIONS DO NOT
        COMPLY WITH MISCELLANEOUS ORDER NO. 62. ................................ 7

        A.      H-W Has Not Made an Identification of the Accused Instrumentalities that
                Is "as Specific as Possible" in its Supplemental Infringement Contentions
                as Required by Miscellaneous Order No. 62 ¶ 3-1(a)(2). ...................... 7

        B.      H-W's Claim Chart Does Not "Identify Specifically and in Detail Where
                Each Element of Each Asserted Claim Is Found Within Each Accused
                Instrumentality" Pursuant to Miscellaneous Order No. 62 ¶ 3-1(a)(1). ................... 8

                1.      The disclosures for claim 1 are deficient. ............................. 9

                2.      The disclosures for claims 1, 9, and 17 are deficient. .................. 12

                3.      The disclosures for claim 2 are deficient. ............................. 16

        C.      H-W Fails to Allege Infringement Under the Theory of Joint Infringement. ........ 16

III.    THE COURT MAY STRIKE H-W'S SUPPLEMENTAL INFRINGEMENT
        CONTENTIONS FOR H-W'S FAILURE TO COMPLY WITH
        MISCELLANEOUS ORDER NO. 62. ........................................................ 17

        A.      H-W Has No Explanation for the Delay, and H-W Has Not Been Diligent
                in Either Providing or Supplementing its Infringement Contentions. .................. 17

        B.      Striking H-W's Supplemental Infringement Contentions Is the
                Appropriate Sanction. ........................................................... 18

        C.      There Is Significant Danger of Unfair Prejudice to Google. ................... 19

        D.      H-W's Failure to Provide Detailed Infringement Contentions Could Delay
                the Entire Case. ............................................................... 19

**CONCLUSION** .................................................................................................. 20

# TABLE OF AUTHORITIES

**Page(s)**

### Cases

*Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819 (E.D. Tex. 2007) ...................................................................................................5, 6, 7, 17

*Connectel, LLC v. Cisco Sys., Inc.*, 391 F.Supp.2d 526 (E.D. Tex. 2005) ............................5, 6, 9, 17, 19

*Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*, No. 6:07-CV-559, 2009 WL 81874 (E.D. Tex. Jan. 12, 2009) ...................................................................................................7

*Fast Memory Erase, LLC v. Spansion, Inc.*, No. 3:08-CV0977-M, 2009 WL 4884091 (N.D. Tex. Dec. 16, 2009) ...................................................................5, 9, 16

*O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355 (Fed. Cir. 2006) ...................................................................................................5, 6

### Statutes

35 U.S.C. 8 1 12(6) .......................................................................................................5

### Rules

Fed. R. Civ. P. 16(f) .......................................................................................................6

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

Defendant Google Inc. ("Google") moves to strike Plaintiff H-W Technology L.C.'s ("H-W") Supplemental Disclosures of Asserted Claims and Infringement Contentions for Defendant Google Inc. ("supplemental infringement contentions") for failure to comply with Miscellaneous Order No. 62.  Google further moves this Court for its fees and costs associated with this motion and requests the Court preclude H-W from arguing claim terms for which H-W has refused to provide the required disclosures and from arguing joint infringement.

This motion is based on this Notice of Motion and the accompanying Memorandum of Points and Authorities, the accompanying Declaration of Robin Brewer and all exhibits attached thereto, all pleadings and papers that are of record and are on file in this case, and any oral arguments of counsel made at the hearing on this Motion.

## INTRODUCTION

Ten months into this litigation, H-W has articulated no cognizable infringement theory against Google.  There is a pending motion to dismiss H-W's complaint for failure to state a claim or, in the alternative, for a more definite statement.  Now, Google moves to strike H-W's infringement contentions because they fail to provide the information required under this Court's local rules—they fail to specifically identify the accused instrumentalities; they fail to address most claim requirements altogether; they fail to set forth any theory of joint infringement; and they fail to cite a single document.  Particularly in view of the comprehensive public information regarding what appear to be the accused products that has been available to H-W since before it filed this case, there is no excuse for H-W's failures.

Google requested that H-W address these deficiencies on numerous occasions to no avail. That H-W has not done so suggests that it cannot.  Indeed, it suggests that H-W did not perform an adequate pre-filing investigation and does not have adequate grounds for maintaining this case against Google.  Google is unable to properly prepare its defense and, particularly in view of upcoming claim construction deadlines, has been left with no option but to seek appropriate relief from this Court.

## Background

H-W filed a Complaint for Patent Infringement on March 30, 2011, alleging infringement of U.S. Patent No. 7,525,955 ("the '955 patent") by Google and thirty other defendants. (Dkt. No. 1). On April 19, 2011, H-W filed a First Amended Complaint. (Dkt. No. 38). On August 8, 2011, Google and twenty other defendants filed a motion to dismiss on the grounds that H-W failed to state a claim upon which relief could be granted. (Dkt. No. 195).

The '955 patent includes three independent claims, claims 1, 9, and 17. Two of the three independent claims, claims 1 and 17, are facially invalid for improperly claiming two statutory classes of invention, a system and a method, within a single claim. *See id.* The third independent claim, claim 9, requires joint infringement, and H-W failed to plead facts sufficient to support a claim of joint infringement. *See id.* A fully briefed motion to dismiss is pending before this Court.

On August 29, 2011, the parties submitted a Joint Status Report Regarding Contents of Scheduling Order ("Joint Status Report"). (Dkt. No. 224). In the schedule attached to the Joint Status Report, the parties agreed that H-W would serve its infringement contentions on September 28, 2011. *See id.* In the Second Joint Supplemental Status Report Regarding Contents of Scheduling Order, the parties agreed to amend the proposed schedule, including modifying the date for the disclosure of H-W's infringement contentions to October 7, 2011. (Dkt. No. 239). On October 6, 2011, the Court issued a Patent Scheduling Order, setting the date for disclosure of H-W's infringement contentions as October 31, 2011. (Dkt. No. 246).

On October 31, 2011, H-W served Plaintiff's Disclosures of Asserted Claims and Infringement Contentions for Defendant Google Inc. ("infringement contentions"). Declaration of Robin Brewer ("Brewer Decl.") ¶ 3, Ex. A. In the cover pleading, H-W identified the Nexus S, Nexusone, Google Android operating system, and Android Market Smartphone App as the accused products. *See id.* The Nexus S and Nexus One are not manufactured by Google, and there are multiple versions of the Android operating system. H-W's claim chart consisted of images and some limited conclusory text for some, but not all, limitations. *See id.* H-W's

infringement contentions did not cite a single document or website in support of its allegations. *See id.*

In a letter dated November 15, 2011, Google wrote to H-W regarding the deficiencies in H-W's infringement contentions.  Brewer Decl. ¶ 4, Ex. B.  Google described in detail the reasons H-W's infringement contentions did not comply with Miscellaneous Order No. 62, including that H-W had not specifically identified the accused instrumentalities, that H-W's claim chart did not identify specifically and in detail where each element of each asserted claim was found within each accused instrumentality, and that H-W failed to allege joint infringement because it provided no support for the allegation in either the cover pleading or the claim chart. *See id.*   Google gave H-W two weeks, until November 29, to supplement its infringement contentions.  *See id.*

On November 29, counsel for Google received an email from counsel for H-W indicating H-W was not able to supplement the infringement contentions by the November 29 date, but was willing to work to address Google's concerns.  Brewer Decl., ¶ 5, Ex. C.  Counsel for Google and H-W conferred on December 6 to address the deficiencies in H-W's infringement contentions and the timeframe for H-W to supplement its infringement contentions.  Brewer Decl. ¶ 6.  During the meet and confer, without committing to an absolute deadline, counsel for H-W indicated that H-W would try to supplement its infringement contentions by that Friday, December 9.  *Id.*  On December 13, counsel for Google emailed counsel for H-W requesting an update on the status of the supplemental infringement contentions.  Brewer Decl. ¶ 7, Ex. D.  H-W emailed Plaintiff's Supplemental Disclosures of Asserted Claim and Infringement Contentions for Defendant Google Inc. ("supplemental infringement contentions") to counsel for Google on December 19, nearly five weeks after Google's November 15 letter detailing the deficiencies in H-W's infringement contentions.  Brewer Decl. ¶¶ 8-9, Exs. E-F.

On January 6, 2012, Google made its technical production pursuant to Miscellaneous Order No. 62 ¶ 3-4(a).  In its production letter, Google identified five websites containing publicly available information about what Google has deduced potentially relevant based upon

H-W's infringement allegations.  Brewer Decl. ¶ 10, Ex. G.  The websites cover a variety of information, including information for Android developers relating to all versions of Android OS, information relating to Android-based phones including user guides, information relating to apps on Android Market, information relating to Android Market for developers, and information relating to Google Checkout.

After reviewing H-W's supplemental infringement contentions, Google wrote to H-, again outlining the remaining deficiencies in the infringement contentions served on Google. Brewer Decl, ¶ 11, Ex. F  Google again pointed out that H-W had not specifically identified the accused instrumentalities and that H-W failed to allege joint infringement because it provided no support for the allegation in either the cover pleading or the claim chart.  *See id.*  With respect to the claim chart, Google went through on an element by element basis and addressed the deficiencies with respect to the specific elements identified.  *See id.*  Google gave H-W until February 6 to cure the deficiencies in its infringement contentions.  *See id.*  The parties met and conferred with respect to this motion on February 9.  Brewer Decl. ¶ 12.

<u>A</u><small>RGUMENT</small>

## I.   LEGAL STANDARD

Miscellaneous Order No. 62 provides:

3-1. Disclosure of Asserted Claims and Preliminary Infringement Contentions.
(a) Not later than 14 days after the initial case management conference, a party claiming patent infringement must serve on each opposing party a disclosure of asserted claims and preliminary infringement contentions and file notice of such service with the clerk. The disclosure of asserted claims and preliminary infringement contentions must contain, separately for each opposing party, the following information:

    ….

    (2) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("accused instrumentality") of each opposing party of which the party is aware. This identification must be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product,

device, or apparatus that, when used, allegedly results in the practice of the claimed method or process;

(3) A chart identifying specifically and in detail where each element of each asserted claim is found within each accused instrumentality, including for each element that such party contends is governed by 35 U.S.C. 8 1 12(6), the identity of each structure, act, or material in the accused instrumentality that performs the claimed function;

….

(b) Failure to comply with the requirements of this paragraph, including the requirement of specificity and detail in contending infringement, may result in appropriate sanctions, including dismissal.

Miscellaneous Order No. 62 is similar to the patent local rules in the Eastern District of Texas as well as a number of other districts.  The local patent rules exist to encourage early disclosure of the parties' theories to focus the case.  *See, e.g.*, *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006) (Local patent rules are "designed specifically to 'require parties to crystallize their theories of the case early in the litigation' so as to 'prevent the "shifting sands" approach to claim construction.'") (citation omitted); *Fast Memory Erase, LLC v. Spansion, Inc.*, No. 3:08-CV0977-M, 2009 WL 4884091, at *2 (N.D. Tex. Dec. 16, 2009) (Magistrate Judge Kaplan) ("The purpose of preliminary infringement contentions is to provide notice of the accusing party's specific theories of infringement"); *Computer Acceleration Corp. v. Microsoft Corp.*, 503 F. Supp. 2d 819, 822 (E.D. Tex. 2007) ("CAC") ("The local patent rules 'exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush.'") (citation omitted).

Miscellaneous Order No. 62 requires disclosure of infringement contentions shortly after the initial case management conference, indicating a presumption that the patent owner has conducted a prefiling investigation before initiating the case and has already identified its infringement theories.  *See, e.g.*, *Connectel, LLC v. Cisco Sys., Inc.*, 391 F.Supp.2d 526, 527-28

(E.D. Tex. 2005) ("'The Patent Rules demonstrate high expectations as to plaintiffs'
preparedness before bringing suit, requiring plaintiffs to disclose their preliminary infringement
contentions before discovery has even begun.'…. Plaintiffs are expected to rigorously analyze
all publicly available information before bringing suit and must explain with great detail their
theories of infringement."). By providing detailed, coherent disclosures, it helps focus all
aspects of the case. *See id.* at 527 ("However, when parties formulate, test, and crystallize their
infringement theories before stating their preliminary infringement contentions, as the Patent
Rules require, the case takes a clear path, focusing discovery on building precise final
infringement or invalidity contentions and narrowing issues for *Markman*, summary judgment,
trial, and beyond.").

Infringement contentions must be detailed and provide notice beyond that which is
provided by the language of the claims themselves. *See id.* at 527-28 ("PICs providing vague,
conclusory language or simply mimicking the language of the claims when identifying
infringement fail to comply with Patent Rule 3-1."). Failure to provide specific infringement
contentions prejudice the alleged infringer in the preparation of its case. *See id.* at 528 ("Because
of these deficiencies, [the alleged infringer] is unable to crystallize its non-infringement and
invalidity theories, and the parties are hindered in identifying what claim terms need
construction.").

Pursuant to Federal Rule of Civil Procedure 16(f), the Court has the inherent ability to
"issue any just orders…if a party or its attorney…(c) fails to obey a scheduling or other pretrial
order." Fed. R. Civ. P. 16(f); *see also O2 Micro*, 467 F.3d at 1363 ( "The court may impose any
'just' sanction for the failure to obey a scheduling order, including 'refusing to allow the
disobedient party to support or oppose designated claims or defenses, or prohibiting that party
from introducing designated matters in evidence.'").

Courts have equated a motion to strike infringement contentions with "whether evidence
should be excluded for discovery violations," "whether the pleading deadlines" should be
extended, and "whether to allow a party to supplement infringement contentions." *See CAC*, 503

F. Supp. 2d at 822 ("Deciding whether infringement contentions should be struck is similar to deciding whether evidence should be excluded for discovery violations.  It is also akin to deciding whether the pleading deadlines of a scheduling order should be extended."); *Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*, No. 6:07-CV-559, 2009 WL 81874, at *3 (E.D. Tex. Jan. 12, 2009) ("The tests for determining whether to allow a party to supplement infringement contentions and for determining whether to strike infringement contentions are essentially the same.").  In deciding the motion, the court considers a number of factors.  A list of factors to be considered includes "(1) the reason for the delay and whether the party has been diligent; (2) the importance of what the court is excluding and the availability of lesser sanctions; (3) the danger of unfair prejudice; and (4) the availability of a continuance and the potential impact of a delay on judicial proceedings." *Davis-Lynch*, 2009 WL 81874, at *3; *see also CAC*, 503 F.Supp.2d at 822.

## II.   H-W'S SUPPLEMENTAL INFRINGEMENT CONTENTIONS DO NOT COMPLY WITH MISCELLANEOUS ORDER NO. 62.

Despite having served supplemental infringement contentions, H-W still has not complied with Miscellaneous Order No. 62.  H-W fails to make an identification of the accused instrumentalities that is "as specific as possible," fails to "identify specifically and in detail where each element of each asserted claim is found within each accused instrumentality," and fails to explain or support its allegations of joint infringement.

### A.   H-W Has Not Made an Identification of the Accused Instrumentalities that Is "as Specific as Possible" in its Supplemental Infringement Contentions as Required by Miscellaneous Order No. 62 ¶ 3-1(a)(2).

H-W is required to identify each accused instrumentality for each asserted claim and "[t]his identification must be as specific as possible."  Misc. Order No. 62, ¶ 3-1(a)(2).  In both its November 15, 2011 letter and its January 31, 2012 letter, Google pointed out that the Nexus S is manufactured by Samsung and the Nexus One is manufactured by HTC.  H-W fails to acknowledge this fact in its supplemental infringement contentions.  H-W further provides no basis for alleging infringement by Google for another company's products.

Also, H-W fails to identify the Android operating system with sufficient detail. Miscellaneous Order No. 62 states that the identification should be by model number, if known. The different versions of the Google Android operating system are publicly documented and known. This information is available to H-W. In fact, the Android Developers site includes information on all versions of the Android operating system, including the software development kit and source code. To comply with Misc. Order No. 62, H-W should have identified the Android operating system by version number, but did not.

Google identified both of these issues in its November 15, 2011 letter to H-W. H-W's only supplementation with respect to this disclosure was to specify that the Nexus S was both 3G and 4G, a fact undeniably relevant to this case. H-W did not address that the Nexus S and Nexus One are not manufactured by Google nor did H-W identify the version of the Android operating system at issue. Google, therefore, requests that this court strike the Nexus S, Nexus One, and the Android operating system as accused instrumentalities.

**B.    H-W's Claim Chart Does Not "Identify Specifically and in Detail Where Each Element of Each Asserted Claim Is Found Within Each Accused Instrumentality" Pursuant to Miscellaneous Order No. 62 ¶ 3-1(a)(1).**

Despite specifically identifying the deficiencies in H-W's initial claim chart and requesting that H-W supplement its infringement contentions in accordance with Miscellaneous Order No. 62, H-W's supplemental infringement contentions still do not provide sufficient detail to identify where each element of each claim is found within each of the accused products.

H-W's claim chart is incredibly short on detail or explanation. At no point is the Android operating system identified in the claim chart, leaving Google to speculate as to whether the Android operating system is implicated at all. Also, H-W does not identify the Nexus One in its claim chart even though Miscellaneous Order No. 62 requires H-W to "identify specifically and in detail where each element of each asserted claim is found <u>within each accused instrumentality</u>." (emphasis added) Rather, in supplementing its infringement contentions, H-W simply added cursory textual explanations to the claim elements, but as discussed below, many

of those explanations are incomplete or confusing.  H-W also added some labels and pointers to the images.

H-W's failure to provide a detailed claim chart is particularly appalling given the scope of publicly available information concerning Android, Android Market, and Android-based devices, including source code.  *See Connectel*, 391 F. Supp. 2d at 528 ("Plaintiffs are expected to rigorously analyze all publicly available information before bringing suit and must explain with great detail their theories of infringement.").  Despite this wealth of publicly available information, H-W, however, does not include a single cite to a document or website in support of its allegations.  H-W's supplemental infringement contentions entirely fail to satisfy the purpose of infringement contentions—to "provide notice of the accusing party's specific theories of infringement," *Fast Memory Erase*, 2009 WL 4884091, at *2.

### 1.     The disclosures for claim 1 are deficient.



In the above element, H-W identifies only a SanDisk memory unit, but provides no information regarding the model number and manufacturer name for the device from which this SanDisk unit was taken.  Further, H-W provides no support for any contention that "for performing contextual searches" limitation is found within this accused instrumentality.  Nor does H-W identify the computer program allegedly stored on the memory unit.



In the above element, H-W again identifies only a Samsung memory package and a Hummingbird processor, but provides no information regarding the model number and manufacturer name for the device from which this combination was taken. Further, H-W provides no support for any contention that the "coupled to said memory unit" limitation is met by this element. The Samsung memory package is different from the SanDisk memory unit identified in the previous limitation and cannot be the "said memory unit" referred to in the claim language. H-W also does not provide any indication how either the Samsung memory package or the SanDisk memory unit is "coupled" to the Hummingbird processor. In addition, H-W does not identify a computer program nor provide any support for its contention that "a processor…responsive to said computer program" limitation is found within this accused instrumentality.





In the above elements, H-W identifies only a Samsung memory package and a Hummingbird processor, but provides no information regarding the model number and manufacturer name for the device from which this combination was taken. H-W also does not explain how the Samsung memory package and Hummingbird processor constitute circuitry or meet the "circuitry" limitation. Further, H-W provides no support for any contention that the remaining portions of each claim element, including "receiving a command to perform a contextual search," "receiving search criteria," "submitting said search criteria to said server," and "receiving from said server a list of merchants matching said search criteria and information regarding each of said merchants in said list," are found within this accused instrumentality.



In the above claim element, H-W contends an app is downloaded to the "iPhone," but as is well-known, an iPhone is not a Google product. Further, H-W does not provide support for

any contention that the "completes a transaction with at least one of said merchants listed" limitation is found within this accused instrumentality.  H-W does not identify where the "transaction" or the "merchant" is found in the accused instrumentality.  Multiple different interpretations are possible based upon the explanation provided by H-W, leaving Google in the dark as to how this limitation is met, H-W's infringement theories, and with respect to potentially important issues of claim construction.

### 2.  The disclosures for claims 1, 9, and 17 are deficient.



Claim 1



Claims 9 and 17

In the above claim element, H-W has not supported its contention that the "wherein said information received by said user[1] comprises a variety of offers" limitation is found within this accused instrumentality.  The descriptions between claim 1 and claims 9 and 17 are inconsistent

---

[1] Claim 1 includes "user of said IP phone" and claims 9 and 17 include "user."  For purposes of addressing the deficiencies in H-W's supplemental infringement contentions, the difference in the language referring to the user is not considered relevant.

and indicate that H-W has two different interpretations for "variety of offers."  In addition, the images used to provide support for this limitation are different for claims 9 and 17 when compared to claim 1.  The textual description in claim 1 states: "List shows a variety of offers." There is no indication as to which list H-W is referring (both images include lists), how that list was generated, or what constitutes the variety of offers.  In comparison, the textual description in claims 9 and 17 implies the "variety of offers" is "additional apps offered by that merchant." The image of the additional apps purportedly offered by that merchant, however, do not support this explanation as the apps listed in the second image are not all offered by the same merchant. Instead, the image shows one app offered by Sygic, one by Google, and two by ALK Technologies.  H-W fails to properly identify the "variety of offers" and describe where it is found in the accused instrumentality.   Not only are the explanations in and of themselves insufficient, that are also inconsistent between claims, leaving Google to speculate as to H-W's actual infringement theories.



In the above claim element, this apparent interpretation of a "list of a variety of offers" is inconsistent with the previous limitations.  Further, H-W provides no support for any contention that the "associated with said one of said merchants listed" limitation is found within this accused instrumentality.



In the above element, H-W identifies only a Samsung memory package, Hummingbird processor, and Skyworks module, but provides no information regarding the model number and manufacturer name for the device from which these chips were taken.  Further, H-W provides no support for any contention that "said selected offer is transmitted to said one of said merchants listed electronically" limitation is found within any accused instrumentality.  H-W does not identify the "merchant" that the offer is purportedly transmitted to or provide any explanation as to how the offer is transmitted to the selected merchant.  It is not possible for Google to guess H-W's infringement theories for this limitation as there is simply no information provided.



In the above claim element, H-W does not identify "said user's contact and payment information."  H-W includes a screen shot of the fields required for checking out online with a credit card, but provides no additional information, such as from which website this screen shot

was taken.  It is not clear if this is a screen shot from a Google website or some other website. H-W also offers no support demonstrating the information purportedly provided to Google "when the customer establish[es] a Google Market account," nor does there exist any such thing as a "Google Market account."   Finally, H-W provides insufficient information to determine "said user's contact and payment information" is under H-W's infringement theory.  Without some detailed information and support as set forth above, including identification of the "user's contact" information, the "payment information," and "merchant," Google has no way of knowing H-W's infringement theories regarding how this claim element is found within this purportedly accused instrumentality



In the above claim element, H-W does not identify "said one of said merchants listed" and provides no support for how the limitation "said user's contact and payment information is available to said one of said merchants listed" is found within this accused instrumentality. Without H-W identifying the "merchant," it is impossible to understand the basis of H-W's infringement allegations and calls into question whether H-W conducted an adequate prefiling analysis.  Google makes clear through privacy policies available on every website for every Google product, that Google does not share personal information with third parties except in very limited circumstances unrelated to the allegations in this case.  Therefore, it is unclear how "said user's contact and payment information is available" to anyone, let alone "available to said one of said merchants listed" and H-W provides no additional detail in its supplemental infringement contentions.   In fact, H-W appears to drop the limitation "said one of said merchants listed" from the explanation, perhaps in an improper attempt to read out this phrase as a limitation altogether.

### 3.     The disclosures for claim 2 are deficient.



In the above element, H-W provides no support for any contention that the "associated with viewing of said lists of merchants and contacting said merchants in said list" limitation is found within any purportedly accused instrumentality.  H-W claims that the logged actions are associated with the user, not that they are "log[ged] actions of a user associated with viewing said list of merchants and contacting said merchants in said list."  H-W provides no support whatsoever for the entire second half of this claim element.

### C.     H-W Fails to Allege Infringement Under the Theory of Joint Infringement.

Google specifically requested that H-W supplement its disclosure with respect to joint infringement and, H-W did nothing.  H-W fails to even acknowledge that the accused instrumentalities listed in its contentions are not manufactured by Google.  H-W provides no support for its joint infringement allegation, either in the cover pleading or its claim chart and, as such, fails to provide Google notice of its specific theories of infringement.  *See Fast Memory Erase*, 2009 WL 4884091, at *2.  For example, H-W does not identify which elements may not be met by Google itself and, therefore, which elements are allegedly jointly infringed.  H-W does not provide even the most basic information for joint infringement—the identity of the alleged joint infringer.

The identities of Google's partners relating to the Google Android operating system are well-known and publicly available.  There is no justifiable reason why this information was not included in H-W's complaint, much less its infringement contentions or supplemental infringement contentions to Google.  To hide the basis of H-W's infringement allegations is

antithetical to the purpose of Miscellaneous Order No. 62. *See CAC*, 503 F. Supp. 2d at 822 ("The local patent rules 'exist to further the goal of full, timely discovery and provide all parties with adequate notice and information with which to litigate their cases, not to create supposed loopholes through which parties may practice litigation by ambush.'"). Google, therefore, requests the Court strike H-W's allegations of joint infringement.

## III. THE COURT MAY STRIKE H-W'S SUPPLEMENTAL INFRINGEMENT CONTENTIONS FOR H-W'S FAILURE TO COMPLY WITH MISCELLANEOUS ORDER NO. 62.

Under both the Federal Rules of Civil Procedure and Miscellaneous Order No. 62, the Court has discretion to determine the appropriate sanction for H-W's failure to comply with Miscellaneous Order No. 62 ¶ 3-1(a). *See* Fed. R. Civ. P. 16(f) ("[T]he court may issue any just orders…if a party or its attorney…(c) fails to obey a scheduling or other pretrial order."); Misc. Order No. 62 ¶ 3-1(b) ("Failure to comply with the requirements of this paragraph, including the requirement of specificity and detail in contending infringement, may result in appropriate sanctions, including dismissal."). The factors support striking H-W's infringement theories as there is no reasonable explanation for the delay, H-W has not been diligent in either providing or supplementing its infringement contentions, there is a significant danger of unfairly prejudicing Google, and H-W's failures have the potential to delay the case.

### A. H-W Has No Explanation for the Delay, and H-W Has Not Been Diligent in Either Providing or Supplementing its Infringement Contentions.

H-W has no explanation for its delay, and every indication is that H-W has not been diligent in either its prefiling investigation or its investigation since initiating this case. Even before filing the complaint, H-W was expected to conduct a prefiling investigation and identify its infringement theories. *See, e.g.*, *Connectel*, 391 F. Supp. 2d at 527-28 ("'The Patent Rules demonstrate high expectations as to plaintiffs' preparedness before bringing suit, requiring plaintiffs to disclose their preliminary infringement contentions before discovery has even begun.'….Plaintiffs are expected to rigorously analyze all publicly available information before bringing suit and must explain with great detail their theories of infringement.") (citation

omitted).  There are vast amounts of information publicly available about the Android operating system, Android Market, and Android-based devices.  There is no indication that H-W has ever even looked at this information.  Not only are H-W's infringement contentions inadequate, the reasonableness of H-W's prefiling investigation is questionable.

H-W had seven months after filing the complaint to prepare its infringement contentions.  H-W then took several additional weeks to supplement its infringement contentions.  The supplemental infringement contentions, however, still did not identify H-W's infringement theories.  This case has now been pending for over ten months, and the parties are starting claim construction disclosures.  At this point, Google knows little more than it did when it first received the complaint and the '955 patent.

### B.      Striking H-W's Supplemental Infringement Contentions Is the Appropriate Sanction.

There is no question the importance of the infringement contentions to this case, and Google is cognizant of the seriousness of the remedy it is requesting with this motion.  Google has, however, already requested supplemental infringement contentions and received only a minor additional disclosure.  At this pace, Google will learn H-W's infringement theories only at trial.  In the meantime, Google will expend significant resources boxing shadows.  These are precisely the results orders like Miscellaneous Order No. 62 are designed to avoid.

Miscellaneous Order No. 62 ¶ 3-1(b) specifically recognizes the importance of detailed infringement contentions to the case and the possibility of serious sanctions for failing to comply, including dismissal.  The expectation is that H-W conducted a reasonable prefiling investigation and, in the process, formulated its infringement theories.  In its infringement contentions, H-W should therefore be able to put forth a coherent explanation as to its infringement allegations against Google.  H-W's failure to do so suggests that H-W initiated this case without a coherent infringement theory.  Google should not have to defend itself in a patent case and be put through the expense and burden of discovery, invalidity contentions, claim

construction, summary judgment motions, and potentially trial in instances where the plaintiff has no infringement theory.

### C.    There Is Significant Danger of Unfair Prejudice to Google.

Google has already been unfairly prejudiced by H-W's failure to provide adequate infringement contentions.  Google is still without the basic information needed to properly prepare its defenses.  *See Connectel*, 391 F. Supp. 2d at 528 ("Because of these deficiencies, [the alleged infringer] is unable to crystallize its non-infringement and invalidity theories, and the parties are hindered in identifying what claim terms need construction.").  Google is hindered in its ability to formulate noninfringement and invalidity theories.  More pressing, this impacts claim construction, including the identification of claim terms and the ability to focus the issues for claim construction briefing and any hearing.

### D.    H-W's Failure to Provide Detailed Infringement Contentions Could Delay the Entire Case.

Even though a trial date has not been set in this case, H-W's failure to provide detailed infringement contentions could delay the dates that have already been set and could lead to trial being scheduled much later than it otherwise would have been scheduled, particularly if H-W were to step up with an infringement theory at the eleventh hour.  H-W's failure to provide detailed infringement contentions hinders Google's ability to identify terms for construction and narrow the issues of the case.  Should H-W provide more detailed infringement contentions later in the case, it will alter Google's noninfringement and invalidity theories, impact discovery, and may mean that a term previously thought unimportant takes on greater importance requiring additional claim construction for that previously unidentified term.  Any delay in claim construction or need for further claim construction could delay the remainder of the deadlines in this case, including expert reports and summary judgment motions.  This may ultimately cause the trial date to be set later than it otherwise would have been set.

## CONCLUSION

For the foregoing reasons, Google respectfully request that the Court strike H-W's supplemental infringement contentions.  Google also requests that the Court award Google its fees and costs associated with this motion and preclude H-W from arguing claim terms for which H-W has refused to provide the required disclosures, including setting forth its contentions surrounding joint infringement.


Dated:  February 9, 2012                    Respectfully submitted,

                                             /s/ M. Craig Tyler
                                            M. Craig Tyler, State Bar No. 00794762
                                            ctyler@wsgr.com
                                            WILSON SONSINI GOODRICH & ROSATI
                                            Professional Corporation
                                            900 South Capital of Texas Highway
                                            Las Cimas IV, Fifth Floor
                                            Austin, Texas 78746
                                            Telephone:     512-338-5400
                                            Facsimile:     512-338-5499

                                            Stefani E. Shanberg, State Bar No. 24009955
                                            sshanberg@wsgr.com
                                            Robin L. Brewer, *pro hac vice*
                                            rbrewer@wsgr.com
                                            WILSON SONSINI GOODRICH & ROSATI
                                            Professional Corporation
                                            650 Page Mill Road
                                            Palo Alto, California  94304
                                            Telephone:     650-493-9300
                                            Facsimile:     650-493-6811

                                            **ATTORNEYS FOR DEFENDANT
                                            GOOGLE INC.**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was filed electronically in compliance with LR 5.1(d).  As such, this document was served on all counsel who are deemed to have consented to electronic service. All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail, on this the 9th day of February, 2012.

*/s/ M. Craig Tyler*

M. Craig Tyler

## <u>CERTIFICATE OF CONFERENCE</u>

This is to certify that counsel for Google conferred with counsel for H-W regarding Google's motion to strike H-W's supplemental infringement contentions to Google. The parties met and conferred by telephone on February 9, 2012. Winston O. Huff attended on behalf of H-W and I and Robin L. Brewer attended on behalf of Google. Counsel for Google set forth its position that H-W's supplemental infringement contentions fail to comply with Miscellaneous Order No. 62 and that the court should strike H-W's supplemental infringement contentions for its failure to comply with Miscellaneous Order No. 62. Counsel for H-W did not agree that H-W's supplemental infringement contentions fail to comply with Miscellaneous Order No. 62. Counsel for H-W confirmed that it intends to oppose Google's motion.

*/s/ M. Craig Tyler*
M. Craig Tyler