UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| H-W TECHNOLOGY, L.C., <br><br> Plaintiff, <br><br> v. <br><br> APPLE INC., ET AL., <br><br> Defendants. | CIVIL ACTION NO. 3:11-cv-00651-G <br><br> <u>ORAL HEARING REQUESTED</u> <br><br> **JURY TRIAL DEMANDED** |

### DEFENDANT APPLE INC.'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY

Pursuant to Local Rule 56.7, Defendant Apple Inc. ("Apple"), by and through its undersigned counsel, moves for leave to file supplemental authority related to its December 13, 2011 Motion to Dismiss Apple under FRCP 21 for Misjoinder or, in the Alternative, to Sever and Transfer Claims Against Apple (the "Motion to Dismiss").

### ARGUMENT

A central question in the Motion to Dismiss is whether infringement claims against independent parties with unrelated products, "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences," such that joinder of those independent parties is appropriate. A recent decision from the United States Court of Appeals for the Federal Circuit holds that joinder of independent defendants with unrelated products is not appropriate.

On May 4, 2012, the United States Court of Appeals for the Federal Circuit reached its decision in *In re EMC Corp.*, holding that:

> Claims against independent defendants (i.e., situations in which the defendants are not acting in concert) cannot be joined under Rule

1

> 20's transaction-or-occurrence test unless the facts underlying the claim of infringement asserted against each defendant share an aggregate of operative facts. To be part of the "same transaction" requires shared, overlapping facts that give rise to each cause of action, and not just distinct, albeit coincidentally identical, facts. . . .
>
> Unless there is an actual link between the facts underlying each claim of infringement, independently developed products using differently sourced parts are not part of the same transaction, even if they are otherwise coincidentally identical.

*In re EMC Corp.*, Misc. Doc. No. 100 (Fed. Cir. May 4, 2012) (Appendix Pages 1-18).

In its opposition to Apple's Motion to Dismiss, H-W argued that joinder is appropriate where "multiple accused infringers offer similar services that infringe the same patents." Opp. to Motion at 2. In *EMC Corp.*, the Federal Circuit *explicitly rejected* H-W's test for joinder, holding that such a "standard seems to require little more than the existence of some similarity in the allegedly infringing products or processes, similarity which would exist simply because the same patent claims are alleged to be infringed." *See EMC Corp.* at 14.

The legal standard announced by the Federal Circuit in *EMC Corp.* controls the disposition of Apple's Motion to Dismiss. As Apple has established through prior briefing on the Motion to Dismiss, the Apple products at issue in this case use proprietary hardware and software, including Apple's own unique iOS software. Motion at 9-10; Reply ISO Motion at 2. Under *EMC Corp.*, these undisputed differences between Apple's products and the other products at issue in this case require the Court to dismiss Apple, or at least, to sever Apple from this case. *EMC Corp.* at 15 ("[J]oinder is not appropriate where different products or processes are involved."). Moreover, there is no factual link between Apple and the other defendants, and the Court should reject H-W's attempt to manufacture a factual link between Apple, Samsung, and HTC (among others) based on run-of-the-mill hardware, such as memory and processing

2

units, in light of the holding in *EMC Corp*.

In light of the Federal Circuit's recent decision, and in order to apprise the Court of relevant controlling authority, Apple seeks leave to file, and requests that this Court consider, the supplemental authority attached in the concurrently filed Appendix.

## CONCLUSION

Based on the foregoing, Apple respectfully requests that its Motion for Leave to File Supplemental Authority be granted, and that the Court permit Apple to file the Supplemental Appendix, submitted herewith as Exhibit "A," to be considered in connection with Apple's Motion to Dismiss.

Dated:  May 14, 2012                                             Respectfully submitted,

  /s/ *Kelly D. Hine*
Kelly D. Hine
Texas State Bar No. 24002290
kdh@fr.com
FISH & RICHARDSON P.C.
1717 Main St
Suite 5000
Dallas, Texas 75201
Tel: (214) 747-5070
Fax: (214) 747-2091

Harrison J. Frahn IV (Admitted *Pro Hac Vice*)
hfrahn@stblaw.com
Patrick E. King (Admitted *Pro Hac Vice*)
pking@stblaw.com
SIMPSON THACHER & BARTLETT LLP
2550 Hanover Street
Palo Alto, California 94304
Tel:  (650) 251-5000
Fax: (650) 251-5002

**ATTORNEYS FOR DEFENDANT
APPLE INC.**

**CERTIFICATE OF COMPLIANCE WITH N.D. TEXAS LOCAL RULE 7.1(b)**

I certify that I have complied with the requirement of N.D. Local Rule 7.1(b). Counsel for Plaintiff and Counsel for Defendant conferred on this Motion but were unable to reach an agreement, leaving an open issue for the Court to resolve.

/s/ *Kelly D. Hine*
Kelly D. Hine

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule 5.1(d). As such, this document was served on all counsel who are deemed to have consented to electronic service. All other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by first class mail, on this the 14th day of May, 2012.

/s/ *Kelly D. Hine*
Kelly D. Hine