**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **H-W TECHNOLOGY, L.C.** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:11-CV-651-G** |
| | § | |
| **APPLE, INC., et al.,** | § | |
| | § | |
| **Defendants.** | § | **Pretrial Management** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By standing order of reference dated June 8, 2011, this case has been referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is *Defendant Google Inc.'s Motion to Strike Supplemental Infringement Contentions and Corrected Memorandum in Support*, filed February 10, 2012 (doc. 311). Based on the relevant filings and applicable law, the motion should be **GRANTED** in part, and **DENIED** in part.

**I.  BACKGROUND**

Plaintiff H-W Technology, L.C. (Plaintiff), sues Google Inc. (Google) and a number of other defendants for alleged infringement under 35 U.S.C. § 271 of U.S. Patent No. 7,525,955 (the 955 patent). (docs. 1, 38.) The 955 patent contains 24 patent claims, consisting of three independent claims (claims 1, 9, and 17) and 21 dependent claims. (*See* doc. 38-1 at 43-44.) Plaintiff alleges that Google is infringing the 955 patent "by making, using, importing, selling, or offering to sell products that have systems and/or methods for allowing a multi-convergence device utilizing a domain specific application to complete a merchant transaction without the need to generate a voice call." (doc. 38 at 18.) Plaintiff alleges that examples of Google's products that infringe the 955 patent

include, but are not limited to, their Android domain specific application store, sometimes referred to as "Market", which provides an on-line marketplace for allowing smartphone users to complete a merchant transaction without the need to generate a voice call.  (*Id.* at 18-19.)

On October 7, 2011, the Court issued an amended patent scheduling order, requiring Plaintiff to serve its preliminary infringement contentions by October 31, 2011, in compliance with the requirements of this division's Miscellaneous (Misc.) Order No. 62. (doc. 247 at 1.) Plaintiff timely served its infringement contentions for Google on October 31, 2011.  (doc. 309-2.)   After Google pointed out what it considered to be deficiencies in the contentions, Plaintiff served its supplemental infringement contentions on Google on December 19, 2011.  (docs. 309-3 to 309-8.)

The supplemental infringement contentions assert that Google engaged in direct (undivided and joint) and indirect (induced and contributory) infringement of claims 1-2, 9, and 17 of the 955 patent, and identify Nexus S (3G and 4G versions), Nexus One, Google Android Operating System, and Android Market Smartphone app as the infringing products.  (*See* doc. 309-7 at 3-4.)   The supplemental infringement contentions also contain a claim chart, but apparently only with respect to "Nexus S 4G and Android 'Market App Store."  (doc. 309-7 at 9.)

Google now moves to strike the supplemental infringement contentions under Fed. R. Civ. P. 16(f) for failure to comply with Misc. Order No. 62.  (*See* docs. 309, 311.[1])  At issue is whether the supplemental infringement contentions fail to comply with Misc. Order No. 62 and whether any failure to comply warrants striking them under Rule 16(f).  (*Id.*)

## II.  COMPLIANCE WITH MISC. ORDER NO. 62

Google contends that Plaintiff's supplemental infringement contentions fail to comply with

---

[1] Doc. 311 was filed to correct a single typo in doc. 309.  (*See* doc. 311 at 1 n.1.)

Misc. Order No. 62 for three reasons: (1) the supplemental infringement contentions fail to provide notice of Plaintiff's specific theories of infringement; (2) the identification of the accused instrumentalities is not "as specific as possible"; and (3) the claim chart does not identify specifically and in detail where each element of each asserted claim is found within each accused instrumentality.  (doc. 311 at 10-11.)

In Misc. Order No. 62, the Dallas Division of the Northern District of Texas adopted patent rules on a pilot basis.  *See Kimberly-Clark Worldwide, Inc. v. First Quality Baby Prods.*, 2009 WL 2634860, at *7 n.5 (N.D. Tex. Aug. 26, 2009).  The rules, like other local patent rules, are "designed specifically to require parties to crystallize their theories of the case early in the litigation so as to prevent the shifting sands approach to claim construction."  *See O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006) (citation and internal quotation marks omitted).  In keeping with this purpose, Misc. Order No. 62 requires a patent infringement claimant to serve its preliminary infringement contentions on each opposing party within14 days afer the initial case management conference.  *See id.*, ¶ 3-1(a) (Nov. 17, 2009).  The infringement contentions must contain, among other things, the following information:

> (2) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("accused instrumentality") of each opposing party of which the party is aware. This identification must be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus that, when used, allegedly results in the practice of the claimed method or process;

> (3) A chart identifying specifically and in detail where each element of each asserted claim is found within each accused instrumentality, including for each element that such party contends is governed by 35 U.S.C. §112(6), the identity of each structure, act, or material in the accused instrumentality that performs the claimed function;

*Id.*, ¶ 3-1(a)(2) & (3).[2]

"The purpose of preliminary infringement contentions is to provide notice of the accusing party's specific theories of infringement." *Fast Memory Erase, LLC v. Spansion, Inc.*, 2009 WL 4884091, at *2 (N.D. Tex. Dec. 16, 2009). "This notice focuses discovery and narrows issues for claim construction, summary judgment, and trial." *EON Corp. IP Holdings, LLC v. Sensus USA, Inc.*, 2010 WL 346218, at *2 (E.D. Tex. Jan. 21, 2010). Infringement contentions are not meant to require a party to prove its case of infringement or provide a forum for litigation of the substantive issues, however. *See Balsam Coffee Solutions Inc. v. Folgers Coffee Co.*, 2009 WL 4906860, at *3 n.2 (E.D. Tex. Dec. 9, 2009); *Linex Techs., Inc. v. Belkin Int'l, Inc.*, 628 F.Supp.2d 703, 713 (E.D. Tex. 2008). "[T]hey are merely designed to streamline the discovery process." *Linex Techs.*, 628 F.Supp.2d at 713 (citing *STMicroelectronics, Inc. v. Motorola*, Inc., 308 F.Supp.2d 754, 755 (E.D. Tex. 2004).

## A.  Notice of Specific Infringement Theories

Google argues that Plaintiff's supplemental infringement contentions fail to provide notice of its specific theories of infringement because they fail to provide any facts in support of its theory of joint infringement.  (doc. 311 at 19-20.)  Plaintiff correctly points out that any dispute regarding its joint infringement theories has been rendered moot by the Court's conclusion that Plaintiff is only alleging undivided infringement against each defendant.  (doc. 318 at 7, 11.)

Google also argues that Plaintiff does not provide any basis for its allegations of Google's infringement of another company's products – namely Nexus S and Nexus One, manufactured by

---

[2]  Paragraph 3-1 provides that a failure to comply with its requirements, "including the requirement of specificity and detail in contending infringement, may result in appropriate sanctions, including dismissal." Misc. Order No. 62, ¶ 3-1(b).

Samsung and HTC respectively. (doc. 311 at 10.) Google does not have to manufacture the accused

instrumentalities to be liable under § 271, and may be found liable simply for selling or offering to

sell a patented invention without authority. *See* 35 U.S.C. § 271(a). As Plaintiff's supplemental

infringement contentions, in part, accuse Google of selling or offering to sell the accused products,

they have specified a basis for Google's alleged infringement of Nexus S and Nexus One. (*See* doc.

309-7 at 3; doc. 318 at 10-11.)

**B. Identification by Model, Manufacturer, and Version**

Google next contends that Plaintiff's supplemental infringement contentions do not identify

the products by model, manufacturer, or version, and therefore fail to satisfy the requirement that

the identification of the accused instrumentalities be "as specific as possible." (doc. 311 at 10-11;

doc. 328 at 6.) Although Misc. Order No. 62 requires that the accused instrumentalities be as

specific as possible, it goes on to explain that each accused instrumentality must be identified by

"name *or* model number, if known." *Id.*, ¶ 3-1(a)(2) (emphasis added). Plaintiff has met this

requirement by identifying the names of the accused instrumentalities. Nothing more is required by

the plain language of Misc. Order No. 62.

**C. Specificity and Detail of Claim Chart**

Google also contends that the claim chart does not address "each accused instrumentality"

as required by Misc. Order No. 62, does not provide any information regarding the model number

and manufacturer name for the instrumentalities addressed in the claim chart, does not "identify

specifically and in detail where each element of each asserted claim is found within" the accused

instrumentalities specifically addressed, and is internally inconsistent. (doc. 311 at 11-19.)

The claim chart at issue consists of a recitation of language from claims 1, 2, 9, and 17 of

the 955 patent, and corresponding images from what appears to be a teardown analysis of a Nexus

S 4G phone and various shots of its screen. (*See* docs. 309-7, 309-8.)  A review of the claim chart

shows that it omits one of the accused instrumentalities (Nexus One) altogether, and it fails to

identify the Android operating system anywhere, which raises the question of what instrumentalities

are actually at issue. (*See id.*)  While the claim chart specifically identifies "Nexus S 4G and

Android 'Market' App Store" as the infringing instrumentalities, it fails to identify the specific

model number or manufacturer name shown for the product whose teardown analysis is being

performed. (doc. 309-7 at 9.)  Although Misc. Order No. 62 does not specifically require the model,

version, or manufacturer of the accused instrumentality to be included in the claim chart, given the

teardown analysis in this case, inclusion would have been helpful to notify Google where each

element of each asserted claim is found within each accused instrumentality.  Plaintiff does not

argue that the missing information is not known or not readily ascertainable.

A review of the claim chart also shows that it merely recites language from the claims at

issue without providing any support for some of their elements.  The following table summarizes

the alleged deficiencies for the different claims at issue.

| Claims | Language at issue | Alleged Deficiency in Claim Chart |
|--------|-------------------|-----------------------------------|
| 1 | a memory unit operable for storing a computer program for performing a contextual search | The claim chart points to a memory unit in the corresponding image but does not provide any support for the limitation "for performing a contextual search." |
|  | a processor coupled to said memory unit, wherein said processor, responsive to said computer program, comprises: | The claim chart points to an area in the corresponding image that it contends is a processor and a memory unit, but does not explain how the processor and the memory unit are coupled together. |

| | | |
|---|---|---|
| | circuitry for receiving a command to perform a contextual search; | The claim chart points to the same area it contends comprises a memory unit and a processor, but fails to explain how a memory unit and a processor constitute "circuitry" or meet the "circuitry" limitation. The claim chart also fails to provide any support for the remaining portions of the elements. |
| | circuitry for receiving search criteria; | |
| | circuitry for submitting said search criteria to said server; and | |
| | circuitry for receiving from said server a list of merchants matching said search criteria and information regarding each of said merchants in said list; | |
| | wherein a user of said IP phone completes a transaction with at least one of said merchants listed without the need to generate a voice call; | The claim chart points to a screen shot showing a "Buy" button, and explains that "selecting 'Buy' permits an app to be downloaded to the iPhone without needing to call the merchant." An iPhone is not a Google product, however, and there is no indication that the "transaction" or "merchant" limitation is found in the accused instrumentality. |
| **1, 9, 17** | wherein said information received by said user of said IP phone comprises a variety of offers.  (claim 1) | - For claim 1, the claim chart points to images of 2 lists, and explains that "List shows a variety of offers including but not limited to Street View app and CoPilot Live app." However, the textual explanation does not specify which list it refers to, how it was generated, and what constitutes a variety of offers. Moreover, there is no support for the "wherein said information received by said user of said IP phone comprises a variety of offers" limitation.

- Similarly, for claims 9 and 17, the claim chart points to images of 2 lists and explains that "upon selecting a particular merchant, a variety of offers (additional apps offered by that merchant)" is received. The image of the additional apps purportedly offered by that merchant, however, does not support that limitation as the apps listed in the second image are offered by more than one merchant. And again, there is no support for any contention that the "wherein said information received by said user comprises a variety of offers" limitation is found within the accused instrumentality.

-Finally, the textual explanation with respect to the language in claim 1 is inconsistent with the textual explanation regarding the language in claims 9 and 17, and indicates two different interpretations for the term "variety of offers." |
| | wherein said information received by said user comprises a variety of offers (claim 9 and 17) | |
| | wherein said user selects one of said variety of offers associated with said one of said merchants listed, | With respect to this language, the claim chart points to a list purportedly of a variety of offers, including the "GPS Essentials" app.  The textual explanation states that "The |

| | | | |
|---|---|---|---|
| | (claims 1, 9, and 17) | | app 'GPS essentials' is selected from the list of a variety of offers." The apparent interpretation of a "list of a variety of offers" term is inconsistent with the previous limitations and there is no support for any contention that the "associated with said one of said merchants listed" limitation is found within the accused instrumentality." |
| | wherein said selected offer is transmitted to said one of said merchants listed electronically; and (claims 1, 9, and 17) | | The claim chart identifies a Samsung memory package, a Hummingbird processor, and a Skyworks module in the corresponding image and explains that the offer is transmitted through these elements. It provides no support, however, for any contention that the "said selected offer is transmitted to said one of said merchants listed electronically" limitation is found within any accused instrumentality. |
| | wherein said user's contact and payment information is not transmitted to said one of said merchants listed, (claims 1, 9, and 17) | | The corresponding image in the claim chart is a screen shot of the fields required for checking out online with a credit card. The textual explanation states: "No payment or contact information was transmitted to the merchant because the customer previously provided this information to Google when the customer established a Google Market account." There is no additional information, however, as to which website the screen shot was taken from. Moreover, there is no demonstration that information was provided to Google when the customer established a Google account. Nor is there such a thing as a "Google Market account." |
| | wherein said user's contact and payment information is available to said one of said merchants listed. (claims 1, 9, and 17) | | With respect to this language, the claim chart provides text explaining that "Application is downloaded on User's IP Phone," that "User is billed through previously established Google Market account," and that "The customer's contact and payment information is available because the customer is able to download the selected application on their phone and the customer receives the bill for the selected app." The claim chart omits the "information is available to said one of said merchants altogether" limitation in providing this textual information and fails to identify the merchant, making it impossible to understand the basis of Plaintiff's infringement allegations. |
| 2 | The system as recited in claim 1, wherein said server is configured to log actions of a user associated with viewing said list of merchants and contacting said merchants in said list. | | The corresponding image is of a list with the following textual explanation: "The list shown in the picture is a list of previously conducted searches. The actions are logged by the server and associated with the a user." Although Plaintiff claims that the logged actions are associated with the user, it does not claim that they are "log[ged] actions of a user associated with viewing said list of merchants and contacting said merchants in said list." Plaintiff provides no support whatsoever for the entire second half of the claim element. |

(*See* doc. 311 at 11-19.)

Instead of addressing these alleged deficiencies on their merits, Plaintiff generally argues that Misc. Order No. 2 does not obligate it to prove infringement and only requires it to provide its infringement contentions. (doc. 318 at 4.) Plaintiff contends that a review of its supplemental infringement contentions reveals that it has adequately put Google on notice of its infringement theories. (*Id.* at 4-5.) Plaintiff also argues that Google's claimed confusion is disingenuous at best because Google is one of the most sophisticated technology companies in the world with attorneys having engineering degrees from Ivy League schools, and has been on notice of its infringement theories since May 11, 2011, when it presented them to Google at its headquarters in California. (*Id.* at 5, 6, 10.) By way of example, Plaintiff asserts that Google pretends to be ignorant of the fact that its smartphones can be used to perform internet searches, and of a commonly known fact in the smartphone industry that memory and processor are "coupled together" in a computing device. (*Id.* at 6, 10.) Plaintiff further contends that at a basic level, this is a simple case that involves the use of Google software to perform certain functions on Google-branded smartphones, and that a simple reading of the 955 patent compared to the accused products makes it abundantly clear what is at stake. (*Id.* at 12.)

Plaintiff's arguments are unavailing. Although its claim chart recites language from the claims at issue and provides corresponding images with some textual explanations, it still falls short of "identifying specifically and in detail where each element of each asserted claim is found within each accused instrumentality." Misc. Order No. 62, ¶ 3-1(a)(3). Plaintiff has the burden of providing infringement contentions that identify specifically and in detail where each claim element is found in the accused products, "so that the Court can make a principled decision on whether

discovery will proceed." *See Bender v. Maxim Integrated Prods., Inc.*, 2010 WL 1135762, at *2 (N.D. Cal. Mar. 22, 2010). Simply asserting that attorneys with engineering degrees from Ivy League schools who work for one of the most sophisticated technology companies in the world would understand the infringement contentions is not sufficient. *See id.* Likewise, Plaintiff's assertion that it presented its infringement contentions to Google is also insufficient because it does not show that the infringement contentions actually served on Google, and required by Misc. Order No. 62, are of sufficient specificity. The substance of Plaintiff's presentation to Google is not a matter of record. Finally, Plaintiff's argument that merely putting Google on notice of its infringement theories complies with the requirement of a claim chart with specific and detailed infringement contentions is unpersuasive. *See Computer Acceleration Corp. v. Microsoft Corp.*, 503 F.Supp.2d 819, 820-21 (E.D. Tex. 2007).

For essentially the same reasons set forth by Google in its motion, Plaintiff's supplemental infringement contentions are deficient and fail to comply with Misc. Order No. 62.[3]

### III.  MOTION TO STRIKE UNDER RULE 16(F)

Next at issue is whether the infringement contentions should be stricken under Rule 16(f) for failure to comply with Misc. Order No. 62. (doc. 311 at 20-22; doc. 318 at 12-16.)

Rule 16(f) permits a court to enter any just orders if a party or its attorney fails to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f)(1)(C). A court may impose sanctions under Rule 16(f) for failure "to comply with court ordered requirements for the disclosure of infringement contentions." *In re Papst Lincensing GmbH & Co. KG Litigation*, 273 F.R.D. 339, 342-43 (D.D.C. 2011) (citing *O2 Micro*, 467 F.3d at 1363). "Deciding whether infringement contentions should be

---

[3] Google's argument about inconsistent interpretations goes to claim construction and is not properly raised at this stage.

struck is similar to deciding whether evidence should be excluded for discovery violations"and is "akin to deciding whether the pleading deadlines of a scheduling order should be extended." *Computer Acceleration Corp.*, 503 F.Supp.2d at 822. "The tests for determining whether to allow a party to supplement infringement contentions and for determining whether to strike infringement contentions are essentially the same." *Davis-Lynch, Inc. v. Weatherford Int'l, Inc.*, 2009 WL 81874, at *3 (E.D. Tex. Jan. 12, 2009). "A court must consider the following factors: (1) the reason for the delay and whether the party has been diligent; (2) the importance of what the court is excluding and the availability of lesser sanctions; (3) the danger of unfair prejudice; and (4) the availability of a continuance and the potential impact of a delay on judicial proceedings." *Id.* (*citing Computer Acceleration Corp.*, 503 F.Supp.2d at 822; *Garmin, Ltd. v. TomTom, Inc.*, 2007 WL 2903843, at *6 (E.D. Tex. Oct. 3, 2007)).

**A.  Reason for Delay and Plaintiff's Diligence**

The first factor requires consideration of the reason for any delay and whether the party has been diligent. *Davis-Lynch*, 2009 WL 81874, at *3. Here, Plaintiff filed its initial infringement contentions within the deadline specified in the scheduling order and within 7 months of filing this case. Plaintiff also served its supplemental infringement contentions within a few weeks of filing its initial infringement contentions. Although Plaintiff timely served its initial and supplemental infringement contentions, it appears that it was not diligent in complying with Misc. Order No. 2, as it failed to specifically identify one of the accused instrumentalities (Google Android operating system) in its claim chart, and omitted another one (Nexus One) altogether. Since Plaintiff has not expressed any reasons for this failure, and does not argue that it did not have sufficient information to provide a timely claim chart on the omitted instrumentality, the first factor tips in favor of striking

its infringement contentions, at least with respect to the omitted instrumentality.

## B.  Availability of Lesser Sanctions

The second factor requires consideration of the importance of what the court is excluding and the availability of lesser sanctions.  *Davis-Lynch*, 2009 WL 81874, at *3.  Plaintiff correctly asserts that striking the infringement contentions against Google would amount to a death-penalty sanction.  Plaintiff timely provided its infringement contentions and claim chart with respect to Nexus S 4G and Android Market App Store, and attempted to address any deficiencies through supplemental infringement contentions.  Instead of subjecting it to the unusually harsh sanctions of dismissing its infringement contentions altogether, a more appropriate sanction would be to strike its infringement contentions with respect to Nexus One, a product that it omitted altogether from its claim chart, and order it to provide amended infringement contentions with respect to Nexus S 4G, Google Android Operating System, and Android Market Smartphone app that comply with Misc. Order No. 62.

As to the importance of the proposed exclusion of infringement contentions regarding Nexus One, the exclusion will not amount to the death penalty sanction as it will not affect the infringement contentions with respect to the remaining instrumentalities.  Allowing an amendment with respect to each of the accused instrumentalities, including Nexus One, on the other hand, will neither deter "game-playing nor actual violation of the rules — to the contrary it [will] actually discourage the voluntary exchange of information."  *See id.*, at *4 (citing *Computer Acceleration Corp.*, 503 F.Supp.2d at 822; *O2 Micro*, 467 F.3d at 1366).  The second factor weighs in favor of striking the infringement contentions, but only with respect to Nexus One.

**C.  Danger of Unfair Prejudice**

The third factor requires a court to consider the danger of unfair prejudice. *See Davis-Lynch*, 2009 WL 81874, at *3.  Here, neither Plaintiff nor Google will be unfairly prejudiced by the lesser sanction discussed above.  Google will not suffer any unfair prejudice from the proposed amendment because it has been on sufficient notice of the general nature, contours, and direction of Plaintiff's infringement contentions, and of the limited number of instrumentalities being accused.  Allowing an amendment of the infringement contentions would only help by narrowing down and streamlining the infringement theories for Google.  Significantly, Plaintiff has been conceding in filings with the court that it is alleging only undivided infringement against Google.

Conversely, Plaintiff will not suffer unfair prejudice by striking the infringement contentions related to Nexus One, as striking those contentions will not affect its contentions with respect to the remaining instrumentalities.  To date, Plaintiff has not provided a claim chart for Nexus One, has not shown that Nexus One and Nexus S are sufficiently similar so that the claim chart applies equally to both products, and has not attempted to amend the claim chart to address Nexus One.  The third factor also favors striking the infringement contentions in part, and allowing Plaintiff to amend the remaining infringement contentions.

**D.  Availability of a Continuance and Potential Impact of Delay**

The fourth factor in the analysis requires a court to consider the availability of a continuance and the potential impact of a delay on judicial proceedings. *See Davis-Lynch*, 2009 WL 81874, at *3.  Here, a continuance of the deadlines set forth in the amended scheduling order governing this case would be available if necessitated by the amended infringement contentions.  A continuance of a deadline may result in delaying the remaining deadlines, as Google contends, but Google has

not identified the potential impact of the delay on judicial proceedings.  The fourth factor weighs in favor of allowing Plaintiff to amend infringement contentions that are not stricken.

## IV.  RECOMMENDATION

Google's motion to strike Plaintiff's supplemental contentions should be **GRANTED** in part. Accordingly, Plaintiff's infringement contentions regarding Nexus One should be stricken. With respect to the remaining instrumentalities, Plaintiff should be allowed to file amended infringement contentions complying with Misc. Order No. 62 within 30 days from the date of the order accepting these findings, conclusions, and recommendation.[4]  The amended infringement contentions should identify each accused instrumentality as specifically as possible, and assert any infringement theories clearly and specifically.[5]  The amended infringement contentions should also include a claim chart covering each of the accused instrumentalities.  If certain portions of the chart are applicable to more than one of the accused instrumentalities, the claim chart should clearly indicate as such.  The claim chart should further identify as specifically as possible (in terms of name, model, version, or manufacturer) the representative products being analyzed.  Finally, the claim chart should identify specifically and in detail where each element of each asserted claim is found within each accused instrumentality, keeping in view the deficiencies pointed out in these findings, conclusions, and recommendation.

---

[4]  Although Google only moves to strike the infringement contentions, the motion may be construed as a motion to strike as well as an alternative motion to compel more detailed infringement contentions.  *See Morningware, Inc. v. Hearthware Home Prods., Inc.*, 2010 WL 3781254, at *1 (N.D. Ill. Sept. 22, 2010).

[5]  While Plaintiff essentially concedes that it is alleging only undivided infringement against Google based on selling or offering to sell the accused instrumentalities, its infringement contentions continue to assert other theories of infringement, including joint, contributory, and induced infringement.  (*See* doc. 309-7 at 3-4; doc. 318 at 7, 11.) Plaintiff should therefore clarify its specific theories of infringement in the amended infringement contentions in order to focus any additional necessary discovery, and to narrow the issues for claim construction, summary judgment, and trial.  *See EON Corp.*, 2010 WL 346218, at *2.

**SO RECOMMENDED on this 2nd day of August, 2012.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

15