UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| H-W TECHNOLOGY, L.C., ) | |
| ) | CIVIL ACTION NO. 3:11-cv-00651-G-BH |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| APPLE INC., ET AL., ) | JURY TRIAL DEMANDED |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RENEWED MOTION TO DISMISS UNDER FRCP 12(B)(6) FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Defendants Google Inc., HTC Corporation, HTC America, Inc., Buy.com, Inc., Amazon.com, Inc., Amazon Payments, Inc., Motorola Mobility LLC, Samsung Electronics Co., Ltd., Samsung Electronics America, Inc. and Samsung Telecommunications America LLC renew their prior Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) (Dkt. 195) that the asserted claims of U.S. Patent No. 7,525,955 are invalid because (1) Claims 1 and 17 each combine two separate statutory classes of invention within a single claim, and (2) Plaintiff H-W Technology L.C.'s ("H-W") Complaint fails to state a claim for infringement of method Claim 9, which requires the actions of more than one party to perform the claimed method steps.

On March 9, 2012, the Court adopted the Magistrate Judge's recommendation that the Court deny Defendants' original motion to dismiss as premature because "the record [was] not adequately developed at [that] specific junction for a proper claim construction." (Dkt. 316; Dkt. 329). Claim construction briefing is now complete. Based on this further developed record, the issues presented in Defendants' Motion to Dismiss are now ripe for judgment by this Court. Indeed, this further developed record illustrates that no issue of claim construction bears on this motion.

Specifically, with respect to Claims 1 and 17, the Court found that a holding of invalidity would be premature because "the parties have not yet had the opportunity to propose their claim construction definitions, formally identify which terms are in dispute, or submit their claim construction briefs." Recommendation at 6. The Court found claim construction necessary to the process as "the parties vigorously dispute whether the claim language at issue covers more than one subject-matter class." *Id.* In its claim construction briefing, however, H-W made no argument concerning the subject-matter class covered by the identified claim language. (*See* Dkt. 360 and Dkt. 368). Further, H-W indicated in its Misc. Order No. 62, ¶ 4-1 Statement that the Court should adopt the plain and ordinary meaning of all remaining terms. Accordingly, to the extent there is a question relating to claim construction, H-W agrees plain and ordinary meaning applies. Further, none of the constructions advocated by Defendants has any impact on this motion. As no new information was raised in claim construction, whether Claims 1 and 17 are indefinite and invalid under 35 U.S.C. § 112, ¶ 2 for combining two statutory classes of invention within a single claim may be decided based upon the arguments previously submitted, no additional briefing is required, and no action on claim construction is required by the Court to decide this issue.

In addition, with respect to Claim 9, the Court found the parties had a fundamental dispute as to whether the language in the second and sixth steps of Claim 9 could be fulfilled by a single entity. *See* Recommendation at 11. This dispute focuses on the proper construction of "user," which was fully briefed by the parties in their claim construction briefing. H-W proposes construing "user" as "a person or thing that uses an IP phone," whereas Defendants propose construing "user" as "a consumer operating the IP Phone." The fundamental difference is whether a "user" may be something other than a human. H-W's position is that "user" should be given its ordinary meaning, which H-W asserts is "a person or thing that uses." H-W Op. Br. at 13-15. H-W points to the testimony of the inventor as saying that either the phone or the server may send an offer to the merchant. *Id.* at 17. Defendants rely upon the language of the claims (requiring the user of an IP phone and said user to select an offer and to have payment

information), the specification (stating the user is the consumer), and inventor testimony. Defendants Op. Br. at 6-9. Accordingly, the record is adequately developed, and this issue may be decided concurrently with claim construction without additional briefing.

## CONCLUSION

For the foregoing reasons, Defendants respectfully renew their prior motion to dismiss and incorporate by reference their prior briefing on the subject, Dkt. 195, Dkt. 232, and Dkt. 234. Defendants respectfully request that the Court find Claims 1, 17, and their dependents invalid under 35 U.S.C. § 112, ¶ 2, find H-W's Complaint fails to state a claim for direct infringement of method Claim 9, and dismiss H-W's Complaint pursuant to Rule 12(b)(6).

Dated:  September 7, 2012                              Respectfully submitted,

*/s/ Dan D. Davison*                                            */s/ M. Craig Tyler*
Dan D. Davison                                                     M. Craig Tyler
Texas State Bar No. 05590900                             State Bar No. 00794762
ddavison@fulbright.com                                     ctyler@wsgr.com
Attorney-in-Charge                                              WILSON SONSINI GOODRICH & ROSATI
Brandy S. Nolan                                                   Professional Corporation
Texas State Bar No. 24070337                             900 South Capital of Texas Highway
bnolan@fulbright.com                                         Las Cimas IV, Fifth Floor
FULBRIGHT & JAWORSKI L.L.P.                    Austin, Texas 78746-5546
2200 Ross Avenue, Suite 2800                             Telephone:  512-338-5400
Dallas, Texas 75201-2784                                    Facsimile:  512-338-5499
Telephone:  (214) 855-8000
Facsimile:  (214) 855-8200                                  Stefani E. Shanberg
                                                                           Texas State Bar No. 24009955
Richard S. Zembek                                              sshanberg@wsgr.com
Texas State Bar No. 00797726                             Robin L. Brewer (admitted *pro hac vice*)
rzembek@fulbright.com                                       rbrewer@wsgr.com
George W. Jordan III                                           WILSON SONSINI GOODRICH & ROSATI
Texas State Bar No. 00796850                             Professional Corporation
gjordan@fulbright.com                                         One Market Plaza
FULBRIGHT & JAWORSKI L.L.P.                    Spear Tower, Suite 3300
Fulbright Tower                                                    San Francisco, California 94105
1301 McKinney, Suite 5100                                 Telephone:  415-947-2000
Houston, Texas 77010-3095                                 Facsimile:  415-947-2099
Telephone:  (713) 651-5151
Facsimile:  (713) 651-5246                                  Attorneys for Defendant
Attorneys for Defendants                                     GOOGLE INC.
AMAZON.COM, INC. AND AMAZON
PAYMENTS, INC.

*/s/ Jerry R. Selinger*
Jerry R. Selinger
Texas State Bar No. 18008250
jselinger@pattersonsheridan.com
Susan E. Powley
Texas State Bar No, 00784785
spowley@pattersonsheridan.com
PATTERSON & SHERIDAN, LLP
1700 Pacific Avenue, Suite 2650
Dallas, Texas 75201
Telephone:  (214) 272-0957
Facsimile:  (214) 296-0246

Attorneys for Defendants
HTC CORPORATION and
HTC AMERICA, INC.

John R. Keville (admitted pro hac vice)
Texas Bar No. 00794085
jkeville@winston.com
Michael J. Forbes (admitted pro hac vice)
Texas Bar No. 24074217
mforbes@winston.com
Winston & Strawn, LLP
1111 Louisiana, 25th Floor
Houston, Texas  77002
Telephone:  (713) 651-2600
Facsimile:  (713) 651-2700

William A. Munck
Texas State Bar No. 00786127
wmunck@munckwilson.com
Jamil N. Alibhai
Texas State Bar No. 00793248
jalibhai@munckwilson.com
Jane Ann R. Neiswender
Texas Bar No. 24048312
jneiswender@munckwilson.com
MUNCK WILSON MANDALA LLP
12770 Coit Road, Suite 600
Dallas, Texas 75251
Telephone:  (972) 628-3600
Facsimile:  (972) 628-3616

*/s/ Jason C. White*
Jason C. White (admitted *pro hac vice*)
jwhite@morganlewis.com
MORGAN LEWIS & BOCKIUS LLP
77 West Wacker Drive
Suite 500
Chicago, IL 60601
Telephone:  (312) 324.1000
Facsimile:  (312) 324.1001

Attorneys for Defendant
BUY.COM, INC.


*/s/ M. Craig Tyler*
M. Craig Tyler
State Bar No. 00794762
ctyler@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
900 South Capital of Texas Highway
Las Cimas IV, Fifth Floor
Austin, Texas 78746-5546
Telephone:  512-338-5400
Facsimile:  512-338-5499

Stefani E. Shanberg
Texas State Bar No. 24009955
sshanberg@wsgr.com
Robin L. Brewer (admitted pro hac vice)
rbrewer@wsgr.com
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
One Market Plaza
Spear Tower, Suite 3300
San Francisco, California 94105
Telephone:  415-947-2000
Facsimile:  415-947-2099

Attorneys for Defendant
MOTOROLA MOBILITY LLC

Of Counsel:

Michael J. Barta
District of Columbia Bar No. 431663
michael.barta@bakerbotts.com
BAKER BOTTS L.L.P.
The Warner
1299 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2400
Telephone:  (202) 639-7700
Facsimile:  (202) 639-7890

Neil P. Sirota
New York Bar No. 2562155
neil.sirota@bakerbotts.com
Robert L. Maier
New York Bar No. 4123246
robert.maier@bakerbotts.com

Yong Chen
New York Bar No. 4581880
yong.chen@bakerbotts.com
BAKER BOTTS L.L.P.
30 Rockefeller Plaza, 44th Floor
New York, New York 10112-4498
Telephone:  (212) 408-2500
Facsimile:  (212) 408-2501

R. Paul Zeineddin
District of Columbia Bar No. 474734
paul@zeineddin.com
1000 Connecticut Avenue, NW, Suite 900
Washington, DC  20036
Telephone:     (202) 787-1051
Facsimilie:     (202) 776-0136

*/s/ R. Paul Zeineddin*
David G. Wille
Texas State Bar No. 00785250
david.wille@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, Texas 75201-2980
Telephone:  (214) 953-6500
Facsimile:  (214) 953-6503

Attorneys for Defendants SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., and SAMSUNG TELECOMMUNICATIONS AMERICA LLC

## CERTIFICATE OF SERVICE

On September 7, 2012, I electronically submitted the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal rule of Civil Procedure 5(b)(2).

                                                 */s/ M. Craig Tyler*
                                                  M. Craig Tyler