IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **H-W Technology, L.C.,**<br><br>    Plaintiff,<br>    v.<br><br>**Apple Inc., et al.**<br><br>    Defendants. | **CIVIL ACTION NO. 3:11-cv-00651-G**<br><br>**Judge A. Joe Fish Presiding**<br><br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF H-W TECHNOLOGY, L.C.'S RESPONSE TO DEFENDANTS'
RENEWED MOTION TO DISMISS UNDER FRCP 12(B)(6) FOR FAILURE TO
STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Plaintiff H-W Technology, L.C.'s ("H-W") files this response to Defendants Amazon.com Incorporated, Amazon Payments, Inc., Buy.com, Inc., Google Inc., HTC Corporation, HTC America, Inc., Motorola Mobility, Inc., Samsung Electronics Co., Ltd., Samsung Electronics America, Inc., and Samsung Telecommunications America, LLC ("Defendants") Renewed Motion to Dismiss Under FRCP 12(b)(6) for allegedly failing to state a claim upon which relief can be granted ("Renewed Motion").

## I.   INTRODUCTION AND SUMMARY OF ARGUMENT

On August 8, 2011, the Defendants filed a Motion to Dismiss Under FRCP 12(b)(6) for Failure to State a Claim Upon Which Relief Can Be Granted. After full briefing by the parties, the Magistrate Judge recommended that the Defendants' Motion be denied. *See* Dkt. No. 316. On March 19, 2012, the District Judge accepted the Findings and Recommendation of the United States Magistrate Judge and denied the Defendants' Motion to Dismiss. *See* Dkt. No. 329. On September 7, 2012 the Defendants filed their Renewed Motion to Dismiss arguing, *inter alia*, that the issues presented in their previously denied Motion to Dismiss are now ripe for consideration.

As with its previous Motion to Dismiss, the Defendants' Renewed Motion to Dismiss improperly seeks to have the court consider subject matter more appropriate for consideration in a summary judgment. Moreover, while claim construction briefing has been completed, the Defendants would have this court skip over the remainder of fact and expert discovery and conclude that there are no genuine issues of material fact left to be determined. Defendants' motives are clear: get the Court to rule on the *merits* of H-W Technology' cause of action before material issues of both fact and law have been adjudicated and to call such a ruling on the merits a failure to plead a cause of action.

At least one court in this district has held that claim indefiniteness is a matter that is more appropriately addressed through summary judgment. *See Mannatech, Inc. v. TechMedia Health, Inc.*, 2009 WL 3614359. at *15 (N.D. Tex. Oct. 29, 2009) (determination of claim indefiniteness is not appropriate at the claim construction stage because "a court must first attempt to determine what a claim means before it can determine whether the claim is invalid for indefiniteness"). Another court in this circuit has refused to consider validity arguments even on a summary judgment motion, reasoning that claim construction had not yet occurred. *See Innovention Toys, LLC v. MGA Entm't,Inc.*, 2009 WL 424398, at *8 (E.D. La. Fed. 19, 2009) ("it is incumbent on a court to set forth its construction of any disputed terms before making findings on validity unless the court determines that the resolution of claim construction would not impact its ruling").

The foregoing notwithstanding, a simple review of claim 1 reveals that it is clearly directed to an IP Phone and ***not*** to a method of using an IP Phone. Similarly, claim 17 is directed to an apparatus, namely a tangible computer readable medium, and not to a method of using such a medium. Claims 1 and 17 of the '955 Patent incorporate functional limitations that limit the structure of the system or apparatus claims and inform one of ordinary skill in the art when these claims are infringed.

By glossing over the claim language and triumphantly proclaiming claims 1 and 17 of the '955 Patent as invalid, Defendants are in essence requesting summary judgment of this issue.  Moreover, the articulated concerns that courts have had with claims that purportedly recite both systems and methods are not presented by the claims of the '955 Patent, as there is no confusion as to the nature or when they are infringed.  Specifically,

courts that have dealt with similar arguments of indefiniteness have been primarily concerned with the problem of not being able to determine whether a claim is one directed at a system/apparatus or a method of using such a system/apparatus. Indeed, the difference between those cases and the instant case is that they were decided **_after_** the benefit of discovery **_and expert testimony_** and not prematurely on a motion to dismiss.

Quite simply, Defendants' Renewed Motion is yet another request for summary judgment. While the *merits* of infringement are rightly considered at trial or in a motion for summary judgment, such arguments are misplaced in a motion to dismiss—which considers merely the *sufficiency of Plaintiff's pleading* of infringement. Defendants' conflation of the requirements for merely pleading a claim on the one hand, and proving the merits of that claim on the other, permeates the Motion. For the reasons previewed above and discussed below, H-W Technology respectfully requests that the Court deny Defendants' Motion.

**II.     LEGAL STANDARDS**

Motions to Dismiss for Failure to State a Claim are viewed with disfavor and are seldom granted. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). To survive a motion to dismiss, a complaint must contain sufficient factual matter which, *when accepted as true*, states a claim for relief that is plausible on its face. *See Twombly* 550 U.S. at 570; *Iqbal* 129 S. Ct. at 1949. A claim has facial plausibility when a plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly* 550 U.S. at 556; *Iqbal* 129 S. Ct. at 1949. "The plausibility standard is *not* akin to a '*probability requirement*,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129

S. Ct. at 1949 (emphasis added). Thus, in ruling upon a Rule 12(b)(6) motion, the Court cannot decide disputed fact issues. The court may grant a motion under Rule 12(b)(6) only if it can determine with certainty that the plaintiff cannot prove facts that would allow the relief sought in the complaint. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).

### III. ARGUMENT

A party seeking to invalidate a patent must overcome a presumption that the patent is valid. *See* 35 U.S.C. § 282; *United States Gypsum Co. v. National Gypsum Co.*, 74 F.3d 1209, 1212 (Fed. Cir. 1996); *Hibritech Inc. v. Monoclonal Antibodies, Inc.*, 802 F.2d 1367, 1375 (Fed. Cir. 1986). This presumption places the burden on the challenging party to prove the patent's invalidity by clear and convincing evidence. *Microsoft Corp. v. i4i Limited Partnership*, 131 S. Ct. 2238, 2242 (2011); *United States Gypsum Co.*, 74 F.3d at 1212. Close questions of indefiniteness "are properly resolved in favor of the patentee." *Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1348 (Fed. Cir. 2005); *Exxon Research & Eng'g Co. v. United States*, 265 F.3d 1371, 1380 (Fed. Cir. 2001). 35 U.S.C. § 112 requires that claims be particular and distinct. "The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention." 35 U.S.C. § 112 ¶ 2. The primary purpose of the definiteness requirement is to ensure public notice of the scope of the patentee's legal protection, such that interested members of the public can determine whether or not they infringe. *Halliburton Energy Servs., Inc. v. M-I, LLC*, 514 F.3d 1244, 1249 (Fed. Cir. 2008).

Thus, the definiteness inquiry focuses on how a skilled artisan understands the

claims, and a claim is indefinite if the "accused infringer shows by clear and convincing evidence that a skilled artisan could not discern the boundaries of the claim based on the claim language, the specification, and the prosecution history, as well as her knowledge of the relevant art area." *Id.* at 1249–50. "If the meaning of the claim is discernible, even though the task may be formidable and the conclusion may be one over which reasonable persons will disagree, . . . the claim [is] sufficiently clear to avoid invalidity on indefiniteness grounds." *Exxon Res. & Eng'g Co. v. United States*, 265 F.3d 1371, 1375 (Fed. Cir. 2001). Thus, a claim is indefinite only if its meaning and scope are "insolubly ambiguous." *Id.*

### A. Claim Construction Issues Are Implicated In Claims 1 And 17

Defendants' proclamation that no new information was raised in claim construction whether claims 1 and 17 are indefinite and invalid is quite simply. Both claims 1 and 17 include "user," a term vigorously contested by the parties. In their previously denied Motion to Dismiss and by incorporation, their Renewed Motion to Dismiss, Defendants argue that claims 1 and 17 are invalid because they contain method steps requiring performance by a user and not the apparatus. Plaintiff through its construction of the term "user," vehemently disagrees. Plaintiff, supported by deposition testimony provided of the '955 patent's first-named inventor, argues that a "user" can be software controlled by Defendants. (*See* Dkt. Nos. 360 and 368). Should the Court accept Plaintiff's proposed construction for the term "user," the Defendants' arguments regarding the validity of claims 1 and 17 would fail. Indeed, the Defendants could no longer argue that claims 1 and 17 are directed to apparatuses and methods for using the apparatuses by a third party.

In addition to the dispute regarding the parties' proposed constructions of the term user, the parties also dispute who controls the software (domain specific applications) on allegedly infringing IP Phones.  For example, the Plaintiff's expert will testify that the Defendants' domain specific application which Plaintiff contends is a user, can complete transactions, transmit payment information, and select a variety of offers.  Additionally, Plaintiff's patent law expert, will testify that claims 1 and 17 are clearly understood and are not so insolubly ambiguous that the should be rendered invalid.  At a minimum, a claim construction determination by the Court for the term user is necessary.  Further, the Court should allow the Plaintiff to continue its discovery in this case as the parties fundamentally disagree not only about the construction of select terms, but also about the capabilities of their allegedly infringing IP Phones and capabilities of their domain specific applications.  Indeed, the Court should not permit the Defendants to short circuit the discovery and summary judgment phase of this case because they are rushed to escape their infringement liability.

   **B.**  **Claims 1 and 17 Are Distinguishable From Those In IPXL Holdings**

     **1.**  **The Claims Invalidated by the *IPXL Holdings* Court Are Not Analogous To Those Presented Here**

In addition to the foregoing, Plaintiff contends that claims 1 and 17 of the '955 Patent are directed toward one statutory class of invention and as such, are not indefinite under the *IPXL Holdings* or *In Re Katz* line of cases.  Not surprisingly, the Defendants argue that claims 1 and 17 are analogous to those in *IPXL Holdings*.  Defendants' Motion ignores the distinguishing characteristics between the claims found in the *IPXL Holdings* or *In Re Katz* Cases and those at issue here, ignores established case law about the impropriety of holding claims invalid prior to the Court's claim construction and, is at

best, a premature attempt to get two bits at the proverbial summary judgment apple.

The Federal Circuit recently clarified its holding in *IPXL Holdings*. In *Microprocessor Enhancement Corp. v. Texas Instruments Inc.*, the Federal Circuit explained that apparatus claims are not necessarily indefinite for using functional language. 520 F.3d 1367, 1375 (Fed. Cir. 2008)(citing *Halliburton Energy Servs. v. M-I LLC*, 514 F.3d 1244, 1255 (Fed. Cir. 2008)). For example, functional language which merely describes the capability of the claimed invention will not render a claim invalid under IPXL Holdings. Id. This sort of language does not impermissibly mix two different statutory classes of subject matter. *See Yodlee, Inc. v. Cashedge, Inc.*, No. 05–01550, 2006 WL 3456610, at *4–6, (N.D. Cal. Nov. 29, 2006) (finding that the claims at issue are valid because they "describe what the apparatuses do, when used in a certain way. They do not claim use of the apparatuses"). Since evaluating indefiniteness arguments under IPXL Holdings, courts have repeatedly distinguished *IPXL Holdings* from situations in which the claim language offered sufficient notice to potential defendants as to the actions that would constitute infringement. *See, e.g.,Yodlee*, 2006 WL 3456610, at *4; *Toshiba Corp. v. Juniper Networks, Inc*., No. 03-1035, 2006 WL 1788479, at *4 (D. Del. June 28, 2006); *Duhn Oil Tool, Inc. v. Cooper Cameron Corp.*, 474 F. Supp. 2d 1148, 1164 (E.D. Cal. 2007).

Reading the claims in light of cases applying *IPXL Holdings*, however, suggests that Defendants' position is misplaced. *Yodlee*, 2006 WL 3456610, at *5 (citing '073 patent at 10:2–13 and 11:11–24); *see also Toshiba Corp. v. Juniper Networks, Inc*., 2006 WL 1788479, at *4 (evaluating the claim term "wherein the control message processing unit communicates with the next hop node . . . ."). Unlike the claims in *IPXL Holdings*

8

however, the 955' patent does not seek to patent use of the infringing device (i.e. selection of a variety of offers), it does however seek to patent IP phones, which have certain capabilities. Indeed, as Plaintiff's have consistently argued, not all IP phones are accused in this case. Nowhere in either claim is their an attempt to include a method for using a system comprising an Internet Phone coupled to a server or a method for using a tangible computer readable medium. Moreover, the wherein clauses Defendants seek to characterize as method steps, are in fact functional limitations that limit certain of the recited structural elements. Quite simply, the disputed wherein clauses do not claim or attempt to claim a method of using an IP Phone. Thus, claims 1 and 17 of the '955 Patent do not recite an apparatus and a method in a single claim. This dispute highlights the need for expert testimony and underscores why Defendants' Motion to Dismiss should be denied in their entirety.

### 2. Claims 1 and 17 Create No Infringement Confusion.

Claims 1 and 17 of the '955 Patent create no confusion as to when the claims are infringed and, as such, Defendants' Renewed Motion should be denied. Confusion was the central issue guiding the holding in both *IPXL* and *In Re Katz* in which the Court noted "the claims […] create confusion as to when direct infringement occurs." *In re Katz*, 639 F.3d 1303 at 1328 (Fed. Cir.2011). As discussed above, the *In re Katz* Court distinguished claims of the patent in question from those in *Microprocessor Enhancement Corp. v. Texas Instruments, Inc.*,[1] where a challenge to the validity of claims having both method and system limitations was overcome by the patent holder.

Here, claims 1 and 17 of the '955 Patent are more analogous to those found in *Microprocessor Enhancement Corp.* as opposed to those in *In re Katz*. Here, like in

---

[1] 520 F.3d 1367, 1374-75 (Fed. Cir. 2008)

*Microprocessor Enhancement Corp.,* the wherein clauses of claims 1 and 17 are not impermissible method steps, but instead are structural limitations on the type of IP Phone necessary for infringement.  As the wherein clauses make clear, only IP Phones with the necessary structure capable of performing certain transactions are at issue.  In this regard, the infringing actor is clear, namely the manufacturer of the IP Phone capable of completing certain merchant transactions.  In view of the foregoing, Defendants' Motion should be denied.

        3.    **Defendants Have Not Met Their High Burden of Showing Indefiniteness.**

Under 35 U.S.C. § 112, ¶ 2, the claims of a patent must "particularly point[ ] out and distinctly claim[ ] the subject matter which the applicant regards as his invention." "A claim is considered indefinite if it does not reasonably apprise those skilled in the art of its scope." *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1383-84 (Fed.Cir.2005). "Because a claim is presumed valid, a claim is indefinite only if the 'claim is insolubly ambiguous, and no narrowing construction can properly be adopted.' " *Honeywell Int'l, Inc. v. Int'l Trade Comm'n*, 341 F.3d 1332, 133839 (Fed.Cir.2003) (quoting *Exxon Research & Eng'g Co. v. United States*, 265 F.3d 1371, 1375 (Fed.Cir.2001)).  In their Renewed Motion, Defendants did not even attempt to rebut the potential for a narrowing construction.  Since the claims of the '955 Patent are presumed valid, for this reason alone, the Defendants' Motion should be denied.

    C.    **A Dispute Exists With Respect to Claim 9**

While the Plaintiff agrees with the Defendants that the parties have a fundamental dispute as to the construction of the term user, Plaintiff disagrees that the record is adequately developed and the issue may be decided concurrently with claim construction.

Certainly, the Court's claim construction order would shed light on the parties' dispute, given the Federal Circuit's recent holding in *Akamai Technologies, Inc. v. Limelight Networks, Inc.*, Nos. 2009-1372, -1380, -1416, -1417, and *McKesson Technologies, Inc. v. Epic Systems Corp.*, No. 2010-1291 (Fed. Cir. Aug. 31, 2012) (en banc) (collectively "*Akamai*") the claim construction would be not necessarily be dispositive. Under *Akamai,* the Federal Circuit held that a party may be liable for induced patent infringement where the active infringement is accomplished by a single actor or through multiple actors having no agency or other relationship to the inducing party that would render the inducing party "vicariously liable" for direct patent infringement. Indeed, even under the Defendants' construction of the term "user" the Defendants could still be liable for inducing infringement. A dismissal with prejudice of Plaintiff's claims against Defendants would forever preclude such a finding in spite of the Federal Circuit's ruling. Such a result is untenable and unduly prejudices the Plaintiff. In view of the foregoing, Defendants' Renewed Motion should be denied.

### III.     CONCLUSION

Whether or not Defendants ultimately prevail against H-W infringement claims after discovery and claim construction is not the proper domain of a Rule 12(b)(6) motion. The issue that Defendants' Motion purports to place before this Court is whether H-W Technology has failed to state a claim upon which relief may be granted. As illustrated above, the amended complaint properly states a claim upon which relief may be granted under the FED. R. CIV. P. 8 pleading standard. Defendants' Motion conflates the proper assertion of a claim and the subsequent burden of proving the merits of that claim. For the foregoing reasons, Plaintiff H-W Technology, LLC, respectfully requests

that the Court deny Defendants' Renewed Motion to Dismiss.

                                          Respectfully Submitted,

Dated:  September 28, 2012        */s/ Winston O. Huff*

                                          Winston O. Huff, Attorney in Charge
                                          State Bar No. 24068745
                                          302 N. Market Street, Suite 450
                                          Dallas, TX 75202
                                          214.749.1220 (Firm)
                                          214.749.1233 (Fax)
                                          whuff@navarrohuff.com

                                          ATTORNEYS FOR PLAINTIFF
                                          H-W TECHNOLOGY, L.C.

## **CERTIFICATE OF FILING**

      I hereby certify that on September 28, 2012, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system.

                                          Respectfully submitted,


                                          By:    */s/* Winston O. Huff


## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this notice was served on all counsel who have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail, on this the 28th day of September, 2012.

                                          By:  */s/* Winston O. Huff