IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| H-W TECHNOLOGY, L.C. | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | **Civil Action No. 3:11-CV-651-G** |
| | § | |
| APPLE, INC., et al., | § | |
| | § | |
| **Defendants.** | § | **Pretrial Management** |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By standing order of reference dated June 8, 2011, this case has been referred for pretrial management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions. Before the Court is the *Defendants' Renewed Motion to Dismiss Under FRCP 12(b)(6) for Failure to State a Claim Upon Which Relief Can Be Granted*, filed September 7, 2012 (doc. 391). Based on the relevant filings and applicable law, the motion to dismiss should be **DENIED**.

## I. BACKGROUND

This is a patent infringement action by plaintiff H-W Technology, L.C. (Plaintiff), against Amazon.com Inc., and Amazon Payments, Inc. (collectively Amazon) and Buy.com, Inc.(Buy.com) (collectively Defendants). (*See* doc. 38.)[1] Plaintiff alleges that it has ownership interests in U.S. Patent No. 7,525,955, entitled "Internet Protocol (IP) Phone with Search and Advertising Capability" (the 955 patent). (*Id*. at 15.) The 955 patent is allegedly "directed to novel, unique, and non-obvious systems and methods of using a multi-convergence device, including phones commonly referred to as 'smartphones,' which are able to converge voice and data within a single terminal, and

---

[1] Thirty-two other named defendants have been terminated as parties.

which allow users of such devices via domain specific applications to receive information and offers from merchants and to complete a transaction with one of said merchants without having to generate a phone call." (*Id.*)  The 955 patent contains 24 patent claims, consisting of three independent claims (claims 1, 9, and 17) and 21 dependent claims.  (Doc. 38-1 at 43-44.)  Plaintiff alleges that some of the defendants' products and methods infringe claims of the 955 patent, making them liable under 35 U.S.C. § 21 (*See* doc. 38 at 15-25.)

Defendants previously moved to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, and in the alternative, for a more definite statement pursuant to Fed. R. Civ. P. 12(e).  (*See* doc. 195.)  Defendants contended that independent claims 1 and 17 of the patent were invalid due to indefiniteness, and that Plaintiff had insufficiently alleged infringement as to claim 9 and its dependent claims.  (*Id.*)  In an order entered March 29, 2012, the Court denied the motion, finding that: (1) Defendants' invalidity argument was premature since claim construction had not yet occurred; and (2) the complaint sufficiently alleged a claim of direct infringement as to claim 9 and its dependent claims.  (*See* docs. 316 and 329.)

The parties submitted their Joint Claim Construction and Prehearing Statement on April 5, 2012.  (*See* doc. 346.)  On September 7, 2012, Defendants renewed their motion to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6).[2]  (Doc. 391.)  The motion is now ripe for consideration.

## II. RULE 12(b)(6) STANDARD

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted.  FED. R. CIV. P. 12(b)(6).  Motions to dismiss under Rule 12(b)(6) are disfavored and rarely

---

[2]  Seven other named defendants who joined the motion have been terminated as parties.

granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings.[3] *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the

---

[3] In the Rule 12(b)(6) context, pleadings include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570;

*accord Iqbal*, 556 U.S. at 680.

### III. CLAIMS 1 AND 17 AND DEPENDENT CLAIMS

Defendants argue that patent claims 1 and 17 are indefinite and invalid under 35 U.S.C. §

112, paragraph 2, for combining two statutory classes of invention within a single claim. (*See* docs.

195 at 1-2, 4-9; 391 at 2.)[4]  They further contend that claim construction is unnecessary as shown

by Plaintiff's failure to include any argument in its claim construction briefs regarding the subject-

matter class covered by the claim language at issue.  (Doc. 391 at 2.)  Plaintiff contends that the

validity of its patent claims is an issue best considered in the summary judgment context, with the

benefit of claim construction and expert discovery.  (Doc. 398 at 2-3.)

The Patent Act embodies the basic idea in intellectual property law that inventors have the

right to patent their inventions.  *See Bd. of Trs. of Leland Stanford Junior Univ. v. Roche Molecular

Sys., Inc.*, 131 S. Ct. 2188, 2195 (2011).  The Act specifies four independent classes of inventions

eligible for patent protection: processes, machines, manufactures, and composition of matter. *Bilski

v. Kappos*, 130 S. Ct. 3218, 3225 (2010) (citing 35 U.S.C. § 101).  To define the exact scope of an

invention, a patent document must have two distinct elements.  *Markman v. Westview Instruments,

Inc.*, 517 U.S. 370, 373 (1996).  First, it should have a "specification" describing the invention in

such full, clear, concise, and exact terms that it would enable one skilled in the art to make and use

the invention.  *See id.* (citing 35 U.S.C. § 112).  Second, it should have one or more "claims" that

particularly point out and distinctly claim the subject matter that the applicant regards as his

---

[4]  Citations refer to the cm/ecf system page number at the top of each page rather than the page numbers at the bottom of each filing.

4

invention.  35 U.S.C. § 112, ¶ 2; *Markman*, 517 U.S. at 373.  Although a single patent may include claims directed to one or more classes of patentable subject matter, a single claim may not cover more than one subject matter class.  *Microprocessor Enhancement Corp. v. Tex. Instruments Inc.*, 520 F.3d 1367, 1374 (Fed. Cir. 2008) (citing *IPXL Holdings, L.L.C. v. Amazon.com, Inc.*, 430 F.3d 1377, 1384 (Fed. Cir. 2005)).  A claim covering more than one subject matter class is indefinite and thus invalid under § 112, paragraph 2, as it "does not reasonably apprise those skilled in the art of its scope."  *See IPXL Holdings*, 430 F.3d at 1383-84; *see also In re Katz Interactive Call Processing Patent Litig.*, 639 F.3d 1303, 1318 (Fed. Cir. 2011).

Whether a claim is indefinite and therefore invalid is a question of law for the court.  *Amtel Corp. v. Info. Storage Devices, Inc.*, 198 F.3d 1374, 1378 (Fed. Cir. 1999).  The Federal Circuit has held that "[a] determination of claim indefiniteness is a legal conclusion that is drawn from the court's performance of its duty as the construer of patent claims."  *Id.* (citation omitted).  The Circuit has also held that "[a] claim must be construed before determining its validity just as it is construed before deciding infringement."  *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 997 n. 7 (Fed. Cir. 1995) (en banc), *aff'd*, 517 U.S. 370 (1996); *Amazon.com, Inc. v. Barnesandnoble.com, Inc.*, 239 F.3d 1343, 1351 (Fed. Cir. 2001); *State Contracting & Eng'g Corp. v. Condotte Am., Inc.*, 346 F.3d 1057, 1067 (Fed. Cir. 2003).  Based on these holdings, a court cannot determine the indefiniteness or validity of a claim without construing the claim to determine its meaning and scope.  *See Noah Systems, Inc. v. Intuit Inc.*, 675 F.3d 1302 (Fed. Cir. 2012) ("Whether a claim complies with the definiteness requirement of 35 U.S.C. § 112 ¶ 2 is a matter of claim construction."); *O2 Micro Int'l Ltd. v. Beyond Innovation Tech Co.*, 521 F.3d 1351, 1361 (Fed. Cir. 2008) (the purpose of claim construction is to determine the meaning and scope of a claim).  Claim

construction generally involves looking to the intrinsic evidence of record, i.e., the patent itself, including the claims, the specification, and the prosecution history, and if proper, to extrinsic evidence such as expert testimony. *See Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996). The process generally entails the parties proposing their claim construction definitions, submitting their claim construction briefs, and presenting their evidence and arguments at a claim construction hearing known as a *Markman* hearing. *See Alza Corp. v. Wyeth*, No. 9:06-CV-156, 2006 WL 3500015, at *2 (E.D. Tex. Nov. 21, 2006).

One court has noted that "[the] purposes of claim construction differ from the purposes of motions to dismiss for failure to state a claim." *Fujitsu Ltd. v. Belkin Int'l, Inc.*, 782 F. Supp.2d 868, 889 n. 21 (N.D. Cal. 2011). The 12(b)(6) inquiry considers whether the complaint has alleged facts to support a cognizable legal theory. *Id.* As explained by the Federal Circuit, however, "claim construction is a matter of resolution of disputed meanings and technical scope, to clarify and when necessary to explain what the patentee covered by the claims, for use in the determination of infringement." *O2 Micro*, 521 F.3d at 1362 (quoting *U.S. Surgical Corp. v. Ethicon, Inc.*, 103 F.3d 1554, 1568 (Fed. Cir. 1997)). Many courts have declined to construe patent claims at the motion to dismiss stage, reasoning that claim construction is connected to the merits of a case. *See Fujitsu Ltd.* 782 F. Supp.2d at 889-90 ("If the Court were to construe the [ ] claims at the motion to dismiss stage, it would be starting the process of evaluating the merits of [the] case."); *see also e.g. DR Sys., Inc. v. Avreo, Inc.*, No. 11-CV-0923 BEN (WVG), 2011 WL 4850171, at *2 (S.D. Cal. Oct. 12, 2011); *Progressive Cas. Ins. Co. v. Safeco Ins. Co.*, No. 1:10CV1370, 2010 WL 4698576, at *3-4 (N.D. Ohio Nov. 12, 2010); *Deston Therapeutics LLC v. Trigen Laboratories Inc.*, 723 F. Supp.2d 665, 670-71 (D. Del. 2010); *Bird Barrier Am., Inc. v. Bird-B-Gone, Inc.*, No. SACV 09-0418 AG

6

(RNBx), 2010 WL 761241, at *2-3 (C.D. Cal. Mar. 1, 2010); *In re Bill of Lading Transmission &*
*Processing Sys. Patent Litig.*, 695 F. Supp.2d 680, 684 (S.D. Ohio 2010); *Road Sci., L.L.C. v. Cont'l*
*W. Transp. Co.*, No. CIV. S-09-2023 FCD/GGH, 2009 WL 4928373, at *6 (E.D. Cal. Dec. 14,
2009); *Yangaroo Inc. v. Destiny Media Techs. Inc.*, No. 09-C-462, 2009 WL 2836643, at *3-4 (E.D.
Wis. Aug. 31, 2009); *Technology Patents, LLC v. Deutsche Telekom AG*, 573 F. Supp.2d 903, 920
(D. Md. 2008), *aff'd*, 700 F.3d 482 (Fed. Cir. 2012); *Cima Labs, Inc. v. Actavis Grp. HF*, Nos. 07-
893 (DRD), 06-1970 (DRD), 06-1999 (DRD), 2007 WL 1672229, at *3 (D.N.J. June 7, 2007).

Moreover, at least one court in this district has held that claim indefiniteness is a matter
which is more appropriately addressed through summary judgment. *See Mannatech, Inc. v.*
*TechMedia Health, Inc.*, No. 3:06-CV-00813-P, 2009 WL 3614359, at *15 (N.D. Tex. Oct. 29,
2009) (determination of claim indefiniteness is not appropriate at the claim construction stage
because "a court must first attempt to determine what a claim means before it can determine whether
the claim is invalid for indefiniteness"). Another court in this circuit has refused to consider validity
arguments even on a summary judgment motion, reasoning that claim construction had not yet
occurred. *See Innovention Toys, LLC v. MGA Entm't, Inc.*, No. 07-6510, 2009 WL 424398, at *8
(E.D. La. Feb. 19, 2009) ('[I]t is incumbent on a court to set forth its construction of any disputed
terms before making findings on validity unless the court determines that the resolution of claim
construction would not impact its ruling.").

Based on this reasoning, the Court denied Defendants' first motion to dismiss. (Docs. 316;
329.) The earlier recommendation distinguished the authorities cited by Defendants, noting that
those courts which granted 12(b)(6) dismissals found the patents invalid under § 101 because they
claimed ineligible subject matter–not because the claims were invalid for indefiniteness under § 112,

paragraph 2.  (Doc. 316 at 7.)  Moreover, the cases which did dismiss on the same grounds urged

by Defendants were decided in a different procedural context, e.g., at the summary judgment stage.

 (*Id.* at 8.)  Defendants have presented no additional authority holding that claim construction is

unnecessary to determine whether a claim combines two statutory classes of invention.  As a ruling

on claim construction is still outstanding, the Court should decline to address Defendants'

indefiniteness argument upon the present record and at this particular stage.

## IV. CLAIM 9 AND DEPENDENT CLAIMS

Defendants also contend that Plaintiff has failed to plead sufficient facts to support a claim

for direct infringement under 35 U.S.C. § 271(a).  (*See* docs. 195 at 14-17; 391 at 2.)

An alleged infringer directly infringes on a patent if the infringer, without authority, "makes,

uses, offers to sell, or sells any patented invention, within the United States or imports into the

United States any patented invention during the term of the patent."  *See* 35 U.S.C. § 271(a).  Where

the patented invention is a method, direct infringement occurs only when each and every step of the

method is performed.  *See BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378-79 (Fed. Cir.

2007) ("Direct infringement requires a party to perform or use each and every step or element of a

claimed method or product."), *overruled in part by Akamai Techs., Inc. v. Limelight Networks, Inc.*,

692 F.3d 1301 (Fed. Cir. 2012) (en banc) (per curiam).  "Typically, the accused infringer must

perform every step of the patented method to be liable for direct infringement."  *BMC Res., Inc. v.

Paymentech, L.P.*, No. 3:03-CV-1927-M, 2006 WL 306289, at *4 (N.D. Tex. Feb. 9, 2006), *adopted

by* 2006 WL 1450480 (Feb. 9, 2006).  Where a single accused infringer performs every step of the

method, the resulting infringement is sometimes referred to as "undivided infringement."  *See

Paltalk Holdings, Inc. v. Sony Computer Entm't Am. Inc.*, No. 2:09-CV-274-DF-CE, 2010 WL

8

3816567, at *2 (E.D. Tex. Sept. 1, 2010), *adopted by* 2010 WL 3816436 (Sept. 27, 2010); *Emtel, Inc. v. Lipidlabs, Inc.*, 583 F. Supp.2d 811, 840 (S.D. Tex. 2008).  Direct infringement may also occur where various steps of the patented method are performed by distinct individuals or entities. *See Muniauction, Inc. v. Thomson Corp.*, 532 F.3d 1318, 1329 (Fed. Cir. 2008).  Such an infringement is known as joint infringement and can only be found if the accused infringer controls or directs the performance of all of the steps of the claimed method.  *See id.* (citing *BMC Res.*, 532 F.3d at 1380-81).  The Federal Circuit has held that "for infringement to be found when more than one party performs the steps of a method claim, an agency relationship or other contractual obligation to perform the steps must exist." *Centillion Data Sys., LLC v. Qwest Commc'ns Int'l, Inc.*, 631 F.3d 1279, 1287 (Fed. Cir. 2011).

As in their first motion, Defendants again argue that claim 9 is a method claim with steps requiring performance by at least two parties.  They contend that to succeed on its direct infringement claim, Plaintiff must make joint infringement allegations against the defendants–and that it has not done so.  (Docs. 195 at 15-17; 391 at 2-3.)  Defendants contend that a cognizable claim of joint infringement requires identification of a second party and an allegation that each defendant exercises control over the second party through an agency or contractual relationship. (Doc. 195 at 16.)  Plaintiff maintains that the method may be performed by a single party, and that the Court cannot properly decide Defendants' motion without engaging in claim construction. (Docs. 225 at 19-21; 398 at 10-11.)  It contends Defendants' motion is premature and should be denied on grounds that the Court has not issued its claim construction ruling.  (*Id.*)

The parties' dispute involves two differing constructions of the language used in the second

and fifth[5] steps of independent claim 9:

> 9.  A method for performing contextual searches on an Internet Phone (IP) phone comprising the steps of:
>
> receiving a command to perform a contextual search;
>
> **receiving search criteria from a user of said IP phone**;
>
> submitting said search criteria to a server coupled to said IP phone; and
>
> receiving from said server a list of merchants matching said search criteria and information regarding each of said merchants in said list;
>
> wherein said information received by said user comprises a variety of offers, **wherein said user selects one of said variety of offers associated with said one of said merchants listed**, wherein said selected offer is transmitted to said one of said merchants listed electronically; and
>
> wherein said user's contact and payment information is not transmitted to said one of said merchants listed, wherein said user's contact and payment information is available to said one of said merchants listed.

(*See* doc. 38-1 at 43.)  Defendants argue that method claim 9 clearly requires performance by at least two distinct parties–the user of an IP phone and a party other than the user.  (*See* doc. 195 at 15-16.) Plaintiff contends that the language of the second and sixth steps can be interpreted as describing two or more roles that can be fulfilled by a single entity.  (Doc. 225 at 20.)  It claims that it is conceivable that a single party could cause the execution of a program on an IP phone to "use" the IP phone to submit search criteria to a server operated and maintained by the same party, and that operational divisions of a single enterprise could fulfill both the role of a user and a party receiving search criteria.  (*See id*.)  Plaintiff argues that it would be premature to adopt Defendant's narrow and self-serving construction at this stage of the case.  (*Id*. at 20-21.)

---

[5]  Defendants refer to it as step 6, but the contested language appears in step five.  (Docs. 38-1 at 43, 195 at 16.)

The Court dismissed Defendants' earlier filed motion as premature.  So, too, did the district court in *Actus, LLC v. Bank of Am. Corp.*, No. 2:09-CV-102-TJW, 2010 WL 547183, at *2 (E.D. Tex. Feb. 10, 2010), when faced with a similar motion.  In *Actus*, the court explained that plaintiffs in a patent infringement lawsuit are not required to attach fully-developed infringement contentions to their complaint.  *See id.*; *see also TQP Dev., LLC v. Ticketmaster Entm't, Inc.*, No. 2:09-CV-279-TJW, 2010 WL 1740927, at *2 (E.D. Tex. April 29, 2010) (adopting the same reasoning).  Yet another court faced with a similar motion declined to construe the patent claim to determine whether the claim required an allegation of joint infringement, reasoning that the proper time to address claim construction was not on a motion to dismiss. *Yangaroo*, 2009 WL 2386643, at *3; *see also In re Bill of Lading*, 695 F. Supp. 2d at 689 ("[W]hether the method of the patent requires one or more actors is not properly determined in a Rule 12 context, but is a question for claim construction.").  Here, the case is in essentially the same procedural posture as  before–no claim construction ruling has issued and, therefore, dismissal is premature.  The Court should deny Defendants' motion to dismiss Plaintiff's claim for direct infringement of independent claim 9 and its dependent claims.[6]

## V.  RECOMMENDATION

Defendants' motion to dismiss for failure to state a claim should be **DENIED**.

---

[6]  Plaintiff asserts an alternative argument that the Federal Circuit's recent decision in *Akamai Techs., Inc.*, 692 F.3d 1301 (Fed. Cir. 2012), supports a possible claim of indirect infringement.  (Doc. 398 at 11.)  Because the Court is recommending that Defendants' motion to dismiss Plaintiff's claim for direct infringement of independent claim 9 be denied, it is unnecessary to address this issue.

**SO RECOMMENDED**, this 28th day of May, 2013.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE